592 S.E.2d 790

**Gretchen O. LEWIS, Plaintiff Below, Appellee/**

v.

**H. Truman CHAFIN, Defendant Below, Appellant.**

No. 31408.

Supreme Court of Appeals of West Virginia.

Submitted: Nov. 5, 2003.

Filed: Dec. 5, 2003.

**12**

Scott S. Segal, Esq., John F. Dascoli, Esq., The Segal Law Firm, Charleston, for Appellee.

Lera K. VanMeter, Esq., Charleston, David Hart Nelson, Detroit, MI, for Appellant.

PER CURIAM:

In this divorce case, the appellant H. Truman Chafin appeals an order by the Circuit Court of Mingo County refusing to reconsider a previous award of pre–judgment interest on the equitable distribution award to the appellant's former wife, Gretchen O. Lewis, the appellee. The appellant also appeals the circuit court's award of additional attorney's fees to the appellee. We conclude that the circuit court erred in awarding the appellee prejudgment interest and additional attorney's fees. The appellant did not raise the award of post-judgment interest as an assignment of error in this appeal. We reverse, in part, and affirm, in part.

I.

The appellee filed for divorce on October 19, 1993, in Mingo County. In November of 1994, the appellant moved to bifurcate the issue of divorce from the distribution of the marital property. On December 28, 1994, the Putnam County Circuit Court granted the parties a divorce;[1] the circuit court bifurcated the divorce from the issues of distribution of marital property, child custody, child support, alimony, and attorney's fees. On December 5, 1996, the Monongalia County Circuit Court issued an order awarding the appellee $286,233.01 as an equitable distribution of the parties' marital property, and interest on the equitable distribution award "from October 31, 1993 until paid" at the rate of ten percent. The circuit court also awarded the appellee $131,461.55 in attorney's fees and litigation expenses.[2]

Both the appellant and the appellee appealed from the circuit court's December 5, 1996 order. The appellant challenged the equitable distribution of marital property, the award of ten percent pre-judgment interest on the equitable distribution award, the award of attorney's fees and expenses to the appellee, and the award of the couple's Charleston house to the appellee. The appellee contended that the circuit court improperly determined the parties' separation date; this date would significantly affect the size of the marital property for purposes of calculating the equitable distribution award.

In *Chafin v. Chafin,* 202 W.Va. 616, 505 S.E.2d 679 (1998), this Court affirmed a portion of the circuit court's December 5, 1996 order. However, this Court found that the circuit court had improperly designated the Charleston house as part of the marital property. *Chafin,* 202 W.Va. at 633, 505 S.E.2d at 696. We also remanded the case for an evidentiary hearing regarding the parties' separation date. *Chafin,* 202 W.Va. at 633, 505 S.E.2d at 696.[3]

---

1. The appellee filed for divorce in Mingo County; the case was then transferred to Putnam County; and then to Monongalia County. On September 10, 1998, this Court by administrative order returned the case to Mingo County.

2. In October of 1997, the appellant paid the attorney's fees ordered by the circuit court's December 5, 1996 order in the amount of $131,461.55.

3. Our opinion in the instant case does not address any issues related to the disputed aspects of

On March 2, 1999, the appellee filed a petition in circuit court asking for an additional $135,195.99 in attorney's fees and costs that accrued after July 31, 1996.

On April 20, 1999, the appellant paid the appellee $286,233.01 to satisfy the equitable distribution award of the marital property as ordered by the circuit court in its December 5, 1996 order, as that order was affirmed by this Court in 1998. The payment of $286,233.01 and the previous payment of $131,461.55 in attorney's fees and litigation expenses substantively satisfied the undisputed portions of the December 5, 1996 order.

On June 23, 1999, the appellant filed a motion in circuit court seeking to disallow the pre-judgment interest awarded on the equitable distribution, arguing that "the law is now clear that pre-marital [prejudgment] interest is not due and cannot be awarded in domestic relations cases."

On March 3, 2000, the appellant filed a memorandum arguing that the appellee was not "entitled to prejudgment interest," that the appellee's "post judgment should be limited," and that the appellee "is not entitled to additional attorney['s] fees."

On November 17, 2000, the Mingo County Circuit Court awarded the appellee $61,325.00 in additional attorney's fees, and, in accordance with the circuit court's December 5, 1996 order, reaffirmed the appellee's right to post-judgment simple interest on the equitable distribution award from December 5, 1996 until April 20, 1999 at a rate of ten percent per annum. In its order, the circuit court also affirmed the prior award of prejudgment interest on the equitable distribution.

Following the November 17, 2000 order, on December 20, 2000, the appellee filed a motion to reconsider, arguing that the circuit court had erred in failing to address the appellee's entitlement to post-judgment interest as provided in the December 5, 1996 order, and the appellee also contested the circuit court's reduced award of attorney's

fees. On December 21, 2000, the appellant also filed a motion to reconsider challenging the circuit court's prior rulings on the appellee's entitlement to pre-judgment interest and the award of additional attorney's fees.

On September 27, 2002, the circuit court denied the appellant's motion for reconsideration challenging the appellee's entitlement to pre-judgment interest on the equitable distribution of marital property, and affirmed the granting of $61,325.00 in additional attorney's fees to the appellee. The circuit court also clarified that the appellee was "clearly entitled to post-judgment interest" as held in the December 5, 1996 order and the November 17, 2000 orders. The appellant appeals from the September 27, 2002 order assigning two errors: "THE CIRCUIT COURT ERRED BY AWARDING THE APPELLEE PREJUDGMENT INTEREST" and "THE CIRCUIT COURT ERRED BY AWARDING THE APPELLEE ADDITIONAL ATTORNEY['S] FEES."

## II.

■ "In reviewing challenges to findings made by a family law master that also were adopted by a circuit court, a three-pronged standard of review is applied. Under these circumstances, a final equitable distribution order is reviewed under an abuse of discretion standard; the underlying factual findings are reviewed under a clearly erroneous standard; and questions of law and statutory interpretations are subject to a *de novo* review." Syllabus Point 1, *Burnside v. Burnside*, 194 W.Va. 263, 460 S.E.2d 264 (1995).

■ "Prejudgment interest is a part of a plaintiff's damages awarded for ascertainable pecuniary losses, and serves 'to fully compensate the injured party for the loss of the use of funds[.]'" *Miller v. Fluharty*, 201 W.Va. 685, 700, 500 S.E.2d 310, 325 (1997) (internal citations omitted).

■ Pre–judgment interest is awarded, in part, to compensate for "the loss of the use of

the marital property. Specifically, we do not address the disputed separation date of the par-

ties for the purpose of dividing attorney's fees.

funds."[4] When both parties have contributed to a delay, it would be inequitable to allow one party to profit from that delay. The appellee was awarded and has received almost $300,000.00 in equitable distribution (and over $131,000.00 in attorney's fees and expenses). We believe that this award made the appellee whole in respect to the undisputed portion of the marital property, and that an award of pre-judgment interest is, therefore, inappropriate.

Having reviewed our earlier decisions, we conclude that the circuit court erred in awarding the appellee pre-judgment interest on the equitable distribution of the marital property. The appellant did not raise post-judgment interest on appeal.[5]

We next review the circuit court's award of additional attorney's fees as affirmed in the circuit court's September 27, 2002 order.

■ This Court reviews an award of attorney's fees under an abuse of discretion standard.

■ "In divorce actions, an award of attorney's fees rests initially within the sound discretion of the family law master and should not be disturbed on appeal absent an abuse of discretion. In determining whether to award attorney's fees, the family law master should consider a wide array of factors including the party's ability to pay his or her own fee, the beneficial results obtained by the attorney, the parties' respective financial conditions, the effect of the attorney's fees on each party's standard of living, the degree of fault of either party making the divorce action necessary, and the reasonableness of the attorney's fee request." Syllabus Point 4,

*Banker v. Banker*, 196 W.Va. 535, 474 S.E.2d 465 (1996).

■ In the fall of 1997, the appellant paid the appellee $131,461.55, in accordance with the circuit court's December 5, 1996 order as affirmed by this Court. On March 2, 1999, the appellee filed a petition seeking an additional $135,195.99 in attorney's fees and costs for legal expenses incurred after July 31, 1996. In its November 17, 2000 order, the circuit court awarded the appellee $61,325.00 in additional attorney's fees; and on September 27, 2002, the circuit court affirmed its order awarding the appellee an additional $61,325.00 in attorney's fees.

Having reviewed the record below, we find that both parties have contributed to the need for the additional proceedings that have resulted in the development of additional attorney's fees. Given both parties' respective financial conditions, and the ability of each party to pay his or her own fees, we find that the circuit court erred in awarding the appellee additional attorney's fees.

## III.

Therefore, we reverse the Mingo County Circuit Court's award of pre-judgment interest on the equitable distribution award, and we reverse the Mingo County Circuit Court's award of attorney's fees as affirmed by the circuit court's September 27, 2002 order. In all other respects we do not disturb the circuit court's order.

Reversed, in part; Affirmed, in part.

Justice DAVIS, deeming herself disqualified, did not participate in the decision of this case.

> Except where it is otherwise provided by law, every judgment or decree for the payment of money entered by any court of this State shall bear interest from the date thereof, whether it be so stated in the judgment or decree or not.... The rate of interest shall be ten dollars upon one hundred dollars per annum, and proportionately for a greater or lesser sum, or for a longer or shorter time, notwithstanding any other provisions of law.

4. In Syllabus Point 1 of *Buckhannon–Upshur County Airport Authority v. R & R Coal Contracting, Inc.*, 186 W.Va. 583, 413 S.E.2d 404 (1991), this Court stated that:
   Prejudgment interest, according to West Virginia Code § 56-6-31 (1981) and the decisions of this Court interpreting that statute, is not a cost, but is a form of compensatory damages intended to make an injured plaintiff whole as far as loss of use of funds is concerned.

5. *W.Va.Code*, 56-6-31 [1981], states, in pertinent part, that:

Justice MAYNARD, deeming himself disqualified, did not participate in the decision of this case.