# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CHRISTOPHER R. STILES,**
**Plaintiff Below, Petitioner**

**v.)  No. 25-ICA-149**        (Cir. Ct. Jefferson Cnty. Case No. CC-19-2021-C-177)

**DAVID OSWALD, as EXECUTOR of the ESTATE of STANLEY E. STILES, JOHN STEVEN STILES, JOYCE L. RAWN, MARY KATHERINE IAGER, AMY IAGER, E. WILLIAM IAGER, NATHAN IAGER, RACHEL B. ADAMS, MARY K. RAWN, ANNE L. RAWN, JOHN STEVEN STILES, JR., ADAM STILES, and MICHAEL STILES,**
**Defendants Below, Respondents**

**FILED**
**December 22, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Christopher R. Stiles appeals the Circuit Court of Jefferson County's March 14, 2025, order awarding attorney fees to the prevailing parties, Respondents David Oswald, as Executor of the Estate of Stanley E. Stiles (the "Estate"), John Steven Stiles, Joyce L. Rawn, Mary Katherine Iager, Amy Iager, E. William Iager, Nathan Iager, Rachel B. Adams, Mary K. Rawn, Anne L. Rawn, John Steven Stiles, Jr., Adam Stiles, and Michael Stiles (collectively, the "Estate Beneficiaries"). The Estate and the Estate Beneficiaries filed a joint response.[1] Christopher Stiles did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the circuit court's decision is reversed.

In 2021, Christopher Stiles initiated this will contest action against the Estate and the Estate Beneficiaries, claiming that his father, Stanley Stiles, lacked testamentary capacity to execute his 2021 will. In addition, Christopher Stiles claimed that at the time,

---

[1] Christopher Stiles is represented by Christopher P. Stroech, Esq. The Estate is represented by Kenneth J. Barton, Jr., Esq. The Estate Beneficiaries are represented by Richard G. Gay, Esq.

1

his father was under duress and was unduly influenced by Christopher Stiles' siblings. The will executed in 2021 replaced a will previously executed in 2019.

The Estate and the Estate Beneficiaries filed summary judgment motions, which the circuit court granted in an order entered on February 5, 2023. Christopher Stiles appealed the summary judgment order to this Court, and the appeal was docketed under case number 23-ICA-82. In a February 8, 2024, memorandum decision, this Court affirmed the circuit court's summary judgment order. *See Stiles v. Est. of Stiles*, No. 23-ICA-82, 2024 WL 493589 (W. Va. Ct. App. Feb. 8, 2024) (memorandum decision). That decision was not appealed.

Months after disposition of the appeal, the Estate and the Estate Beneficiaries filed a motion for attorney fees and costs with the circuit court. In its March 14, 2025, order, the circuit court found that because his arguments were speculative and his evidence was insufficient to survive summary judgment, Christopher Stiles acted in bad faith. Based on the bad faith finding, the circuit court awarded attorney fees and costs to the Estate and the Estate Beneficiaries, as prevailing parties, in the total amount of $102,951.60. This appeal of the March 14, 2025, order followed.[2]

"This Court reviews an award of costs and attorney's fees under an abuse of discretion standard." Syl. Pt. 2, *Auto Club Prop. Cas. Ins. Co. v. Moser*, 246 W. Va. 493, 874 S.E.2d 295 (2022); *see also Lewis v. Chafin,* 215 W. Va. 11, 14, 592 S.E.2d 790, 793 (2003). Moreover, "[t]he decision to award or not to award attorney's fees rests in the sound discretion of the circuit court, and the exercise of that discretion will not be disturbed on appeal except in cases of abuse." Syl Pt. 2, in part, *Beto v. Stewart,* 213 W. Va. 355, 582 S.E.2d 802 (2003); *Boyd v. Goffoli*, 216 W. Va. 552, 569, 608 S.E.2d 169, 186 (2004) (citation omitted). With these standards in mind, we will address the parties' arguments.

Christopher Stiles asserts that the circuit court erred in finding that he acted in bad faith and in awarding attorney fees. He argues that the Estate and the Estate Beneficiaries failed to show that he challenged the 2021 will for improper reasons or that he otherwise acted vexatiously or for oppressive reasons. Christopher Stiles further argues that he was simply exercising his legal rights based upon the information available to him. Conversely, the Estate and the Estate Beneficiaries argue that Christopher Stiles' complete lack of evidence shows that he brought and maintained the will contest action in bad faith. We disagree with the Estate and the Estate Beneficiaries.

---

[2] Christopher Stiles does not challenge the reasonableness or amount of attorney fees and costs awarded. Rather, he contends that the Estate and the Estate Beneficiaries were not entitled to any equitable attorney fees.

In West Virginia, a prevailing party is generally not entitled to attorney fees unless authorized by contract, statute, or court rule. *See* Syl. Pt. 2, *Sally-Mike Properties v. Yokum*, 179 W. Va. 48, 365 S.E.2d 246 (1986). An exception to the general rule allows a court to award attorney fees to the prevailing party when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *See id.* at 49, 365 S.E.2d at 247, Syl. Pt. 3.

The Estate and the Estate Beneficiaries argue that all the available, relevant, admissible evidence showed that Stanley Stiles had testamentary capacity, and that Christopher Stiles had "absolutely no evidence" of undue influence or duress, except for his own suspicions and speculations. Despite these assertions, the record establishes that Christopher Stiles presented evidence to support his claims. For example, to show that Stanley Stiles lacked testamentary capacity, Christopher Stiles points to a cognitive assessment indicating cognitive impairment. In addition, Christopher Stiles testified that he saw cognitive impairment and signs of confusion and disorientation in Stanley Stiles. His assessment was arguably corroborated by the testimony of his wife, son, and Stanley Stiles' barber. Regarding the claim of undue influence by his siblings, Christopher Stiles presented evidence showing that the new will was drafted by some of the Estate Beneficiaries' attorneys in Maryland, without any consultation with him or with the attorney who previously assisted in Stanley Stiles' estate planning. He presented text messages between the siblings that allegedly showed collusion. Based on our review of the evidence presented, we find that Christopher Stiles brought and maintained his action with proof that he and his attorney felt was at least sufficient to reach a jury.

Moreover, we recognize that the circuit court made no findings of fraud, concealing the truth, repeated actions taken for improper purposes, failure to cooperate in the litigation, or other actions typically associated with bad faith conduct and an award of equitable attorney fees. *See Amaker v. Hammond's Mill Homeowners Ass'n, Inc.*, No. 15-0203, 2015 WL 6954981, at *9-10 (W. Va. Nov. 6, 2015) (memorandum decision) (adopting circuit court's conclusion that party's failure to remove fence built on another party's property after over a year of repeated requests was bad faith); *Yost v. Fuscaldo*, 185 W. Va. 493, 499-500, 408 S.E.2d 72, 78-79 (1991) (court determined that obtaining fraudulent releases from a party who had retained counsel and had lost his hand in an accident warranted award of attorney fees); *Pritt v. Suzuki Motor Co.*, 204 W. Va. 388, 513 S.E.2d 161 (1998) (court found bad faith where plaintiff brought claims against defendant for an ATV accident which he alleged caused severe physical and mental injuries but surveillance tapes showed that plaintiff's claimed injuries were non-existent); *CIT Bank, N.A., v. Coffman*, 250 W. Va. 464, 481, 904 S.E.2d 466, 483 (Ct. App. 2024) (court affirmed attorney fee award for party's lack of cooperation throughout the litigation). Instead, the circuit court determined that Christopher Stiles acted in bad faith because he lacked sufficient evidence to survive summary judgment.

3

In West Virginia, an inability to prevail does not necessarily equate to bad faith. The Supreme Court of Appeals of West Virginia has explained,

> Bringing or defending an action to promote or protect one's economic or property interests does not *per se* constitute bad faith, vexatious, wanton or oppressive conduct within the meaning of the exceptional rule in equity authorizing an award to the prevailing litigant of his or her reasonable attorney's fees as "costs" of the action.

Syl. Pt. 4, *Sally-Mike Properties v. Yokum*, 179 W. Va. 48, 365 S.E.2d 246 (1986). Here, Christopher Stiles was to receive less under the 2021 will than he was to receive under his father's previous will, and we find that filing this will contest action was a legitimate attempt to protect his economic interests. He did not prevail, but no evidence existed demonstrating that he acted in bad faith, vexatiously, wantonly, or for oppressive reasons.

For these reasons, we conclude that the circuit court erred in awarding equitable attorney fees to the Estate and the Estate Beneficiaries and, accordingly, we reverse the circuit court's March 14, 2025, order.

Reversed.

**ISSUED:** December 22, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

4