607 S.E.2d 399

**STATE of West Virginia ex rel. Wayne Bronson, Petitioner,**

v.

**Honorable Christopher C. WILKES, Judge of the Circuit Court of Berkeley County, and Augmentation, Inc., Respondents.**

**No. 31775.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 29, 2004.

Decided Nov. 17, 2004.

Robert D. Aitcheson, Esq., Charles Town, for Petitioner.

Richard G. Gay, Esq., Nathan P. Cochran, Esq., Law Office of Richard Gay, Berkeley Springs, for Respondent Augmentation, Inc.

PER CURIAM:

■ This case is before this Court upon a petition for a writ of prohibition filed by the petitioner, Wayne Bronson, against the respondents, the Honorable Christopher C. Wilkes, Judge of the Circuit Court of Berkeley County, and Augmentation, Inc. (hereinafter "Augmentation"). Mr. Bronson seeks to prohibit enforcement of an order entered by Judge Wilkes on May 4, 2004, which required him to pay Augmentation $9,744.00 in attorney's fees and $819.33 in expenses. The order was entered after Judge Wilkes set aside a prior order enforcing a settlement agreement between Mr. Bronson and Augmentation.[1] Judge Wilkes determined that Augmentation had acted in good faith in attempting to enforce the terms of the settlement agreement, and therefore, Mr. Bronson should pay Augmentation's attorney's fees and costs. Mr. Bronson contends that an award of attorney's fees and costs in these circumstances is not permitted.[2]

This Court has before it the petition for writ of prohibition, the response thereto, and the argument of counsel. For the reasons set forth below, the writ of prohibition is granted.

## I.

### FACTS

Augmentation is a Maryland corporation with an office in Martinsburg, West Virginia. Augmentation provides contract workers to business entities and establishments in West Virginia and elsewhere. Timothy Whitbred is its President and sole shareholder. For some time, Mr. Bronson was employed by Augmentation as the vice president of the staffing division at the Martinsburg location. According to Mr. Bronson, his employment was eventually terminated by Augmentation.[3]

Thereafter, the underlying lawsuit commenced. The complaint, filed on December 11, 2001, by Augmentation against Mr. Bronson in the Circuit Court of Berkeley County alleged, *inter alia*, breach of contract and breach of fiduciary duty. On October 17, 2002, the parties agreed to a settlement. At that time, Mr. Bronson was represented by attorney Tammy Bittorf. Mr. Bronson was not physically present on the day that the parties completed the settlement agreement. The negotiations were conducted at Ms. Bittorf's office, and according to Augmentation, Ms. Bittorf engaged in numerous telephone

---

1. The order enforcing the settlement agreement had been entered by the Honorable David H. Sanders, Judge of the Circuit Court of Berkeley County, who presided over the underlying case until April 21, 2003, when he voluntarily recused himself. The case was then assigned to Judge Wilkes.

2. Augmentation cross-assigned as error Judge Wilkes' decision to set aside the order enforcing the settlement agreement. We decline to address this issue pursuant to Rule 10(f) of the Rules of Appellate Procedure which only provides for cross assignments of error by appellees. As dis-

cussed above, this case is before the Court on an original petition for a writ of prohibition, not a petition for appeal. *See Pennzoil Co. v. Public Service Comm'n*, 174 W.Va. 464, 469 n. 4, 327 S.E.2d 444, 449 n. 4 (1985) (refusing to allow a party filing a petition to intervene to cross-assign error because "under Rule 10(f) of our Rules of Appellate Procedure, cross-assignments of error are ordinarily limited to appellees").

3. The complaint filed by Augmentation in the underlying case alleges that Mr. Bronson resigned from his position.

conversations with Mr. Bronson at various times throughout the day. Since Mr. Bronson was not present, Ms. Bittorf kept the settlement documents in her office, and Mr. Bronson came in a few days later and signed the agreement.

Subsequently, Mr. Bronson refused to fulfill the terms of the settlement agreement. In particular, he refused to provide an affidavit stating that Mr. Whitbred did not know that Carrie Birmingham, another former employee of Augmentation, was pregnant when her employment was terminated.[4] Mr. Bronson indicated that if he signed such an affidavit he would be guilty of false swearing, a criminal offense, because he knew that Mr. Whitbred was aware of Ms. Birmingham's pregnancy when her employment was terminated. Mr. Bronson stated that Ms. Bittorf had pressured him into signing the settlement agreement.

On December 18, 2002, Augmentation filed a Motion to Enforce the Settlement Agreement. Ms. Bittorf filed a Motion to Withdraw as Counsel for Mr. Bronson on January 6, 2003. A hearing on both motions was scheduled for January 27, 2003. However, Mr. Bronson did not appear at the hearing.[5] Consequently, the court[6] entered an order granting Augmentation's Motion to Enforce the Settlement Agreement and also allowed Ms. Bittorf to withdraw from representing Mr. Bronson.

On February 6, 2003, Augmentation filed a Motion to Show Cause seeking to hold Mr. Bronson in contempt for failing to abide by the settlement agreement. A hearing on the motion was held on October 15, 2003, and the court ordered Mr. Bronson, by counsel, to file a response to Augmentation's Hearing Memorandum which was filed that same day. On December 11, 2003, Judge Wilkes ruled that the settlement agreement was not enforceable and entered an order voiding the same.

On December 18, 2003, Augmentation filed a motion for attorney's fees and expenses it incurred in attempting to enforce the settlement agreement. The parties briefed the issue, and Augmentation submitted its bills for review by the court. On May 4, 2004, Judge Wilkes entered an order awarding attorney's fees to Augmentation in the amount of $9,744.00 and expenses in the amount of $819.33. Mr. Bronson was ordered to pay the fees and expenses within ten days. This petition for a writ of prohibition followed.

## II.

### STANDARD FOR GRANTING A WRIT OF PROHIBITION

In Syllabus Point 1 of *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953), this Court held that, "Prohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for [a petition for appeal] or certiorari."

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear

---

4. Ms. Birmingham filed a civil action against Augmentaton after her employment was terminated.

5. Mr. Bronson claims that he did not receive notice of the hearing.

6. *See* note 1, *supra*.

that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syllabus Point 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996). With these standards in mind, we now determine whether a writ of prohibition should be issued.

## III.

## DISCUSSION

■ In awarding attorney's fees and expenses to Augmentation in this case, Judge Wilkes found that: (1) Augmentation acted in good faith in reliance on the settlement agreement in attempting to enforce its terms; (2) Augmentation did incur legal fees and expenses in attempting to enforce the settlement agreement; (3) the fees and expenses were reasonable under the circumstances. Thus, the issue presented to this Court by way of this petition for a writ of prohibition is whether a prevailing party on a motion to enforce a settlement agreement can be ordered to pay the attorney's fees and expenses of the losing party upon a determination that the losing party acted in good faith in attempting to enforce the settlement agreement. Mr. Bronson contends that there is no authority for an award of attorney's fees and expenses in these circumstances. We agree.

■ "As a general rule each litigant bears his or her own attorney's fees absent a contrary rule of court or express statutory or contractual authority for reimbursement." Syllabus Point 2, *Sally–Mike Properties v. Yokum*, 179 W.Va. 48, 365 S.E.2d 246 (1986). This rule, known as the American rule, "promotes equal access to the courts for the resolution of *bona fide* disputes." *Id.*, 179 W.Va. at 52, 365 S.E.2d at 250. There are, of course, some exceptions to the rule. In that regard, "[t]here is authority in equity to award to the prevailing litigant his or her reasonable attorney's fees as 'costs,' without express statutory authorization, when the losing party has acted in bad faith, vexatious-

ly, wantonly or for oppressive reasons." Syllabus Point 3, *Sally–Mike Properties*.

Recently, in *Sanson v. Brandywine Homes, Inc.*, 215 W.Va. 307, 599 S.E.2d 730 (2004), this Court upheld an award of attorney's fees and costs which, as in the case at bar, was granted in connection with a motion to enforce a settlement agreement. In *Sanson*, the purchasers of a manufactured home brought suit against the seller, Brandywine Homes, and the manufacturer, Skyline Corporation, alleging fraud, breach of contract, and breach of express and implied warranties. The purchasers and Skyline agreed to a settlement, but the purchasers subsequently claimed that their attorney was not authorized to accept the settlement proposal on their behalf. Skyline filed a motion to enforce the settlement agreement which the circuit court granted. On appeal, this Court stated that, "Having determined that a valid settlement agreement was made, we do not believe the circuit court abused its discretion by ordering the Sansons to pay Skyline's attorney's fees and costs incurred to enforce the settlement." *Id.*, 215 W.Va. at 313, 599 S.E.2d at 736.

*Sanson* has no application here, however, because Augmentation did not prevail on its motion to enforce the settlement agreement. As set forth above, there are very limited circumstances under which a prevailing party may be awarded attorney's fees. There is simply no authority that permits an award of attorney's fees to a losing party regardless of whether or not they acted in good faith. Thus, the circuit court clearly erred by awarding attorney's fees and expenses to Augmentation. Accordingly, the writ requested by Mr. Bronson is hereby granted.[7]

## IV.

## CONCLUSION

For the reasons set forth above, the writ requested is granted. Consequently, the order entered by the Circuit Court of Berkeley County on May 4, 2004, granting attorney's

7. In the event this Court determined that an award of attorney's fees and expenses was proper in this case, Mr. Bronson argued that the amounts thereof should be reduced. In light of our decision, we obviously need not address this argument.

fees and expenses to Augmentation, is vacated.

Writ granted.