365 S.E.2d 246

**SALLY–MIKE PROPERTIES**

v.

**Woodrow YOKUM, et al.**

No. 16987.

Supreme Court of Appeals of
West Virginia.

June 12, 1986.

Richard H. Talbott, Jr., Brown, Harner & Busch, Elkins, W. Va., for appellee.

Richard W. Cardot, Elkins, W. Va., for appellants.

McHUGH, Justice:

This action is before this Court upon appeal from the final order of the Circuit Court of Randolph County, West Virginia, entered on July 22, 1985. By that order the trial court dismissed the action of Sally–Mike Properties, the plaintiff/appellee, and denied the motion of Woodrow Yokum, *et al.*, the defendants/appellants, for an award of reasonable attorney's fees as part of the costs of the action. The sole question presented on this appeal is whether the trial court erred in denying the defendants' motion for recovery of reasonable attorney's fees. We affirm the ruling of the trial court.

I

Pursuant to *W.Va.Code*, 37–13–1 [1963], *et seq.*, Sally–Mike Properties, a partnership,[1] brought an action as a private landowner to remove, transfer and reinter certain human remains and grave markers based upon its assertion of ownership of the private burial ground. The trial court held that Sally–Mike and not the defendants, as the descendants of persons interred in the burial ground, owned the burial ground property because (1) the deed in question conveying the title to a larger tract of land within which was the burial ground, from the persons now interred in the burial ground to Sally–Mike's predecessor in title, did not except title to the burial ground property from the operation of the conveyance, but only reserved a right to use and maintain such property as a burial ground (and that right had been abandoned) or (2) any exception in the deed of the title to the burial ground property was void in that the description of the burial ground property was insufficient.

On appeal by Woodrow Yokum, one of the defendants, this Court reversed. We concluded that title to the burial ground had been excepted and that the description was sufficient. We therefore held that Sally–Mike had not established its ownership of the property in question and, consequently, was not entitled to obtain the statutory relief. *Sally–Mike Properties v. Yokum*, 175 W.Va. 296, 332 S.E.2d 597 (1985).

After this Court's ruling the defendants presented in the trial court their motion for dismissal of the action. The defendants, relying upon *W.Va.Code*, 37–13–6 [1963],[2]

1. The capacity of the plaintiff as a partnership to bring this action was apparently not challenged in the trial court.

2. *W.Va.Code*, 37–13–6 [1963] provides:

In the event that the plaintiff or plaintiffs shall be granted the relief sought, then all costs of such action shall be borne by plaintiffs. In the event that such relief is not granted, or is granted only in part, then such costs may be allocated between the parties as the court shall deem equitable and just. In any event wherein any relief is granted, the costs of removal, transfer and disposition shall be borne by the plaintiffs, including the cost of erecting appropriate memorials to the deceased as the same may be ordered by the court.

The Commonwealth of Virginia has a similar statutory provision on proceedings by a landowner for removal of remains from an abandoned family graveyard, with retention by the landowner of the land thus vacated. *Va.Code* § 57–38.1 [1970]. If the court approves the removal of the remains to a more suitable repository, the removal and reinterment at the new location are "at the expense of the petitioner." "Costs" are not mentioned in the statute, and our research discloses no reported opinions involving this statute.

also moved that their attorney's fees in the amount of $5,744.26 be taxed as part of the "costs" of the action, which costs "may be allocated between the parties as the court shall deem equitable and just[,]" when the relief requested under *W.Va.Code*, 37–13–1 [1963], *et seq.*, is not granted.

The defendants' counsel conceded during the hearing on the motion for recovery of attorney's fees that the action had not been frivolous. The trial court agreed and found that the action had been brought in good faith. It also held that "costs" within the meaning of the statute did not include reasonable attorney's fees. Accordingly, the trial court denied the defendants' motion for recovery of reasonable attorney's fees.

## II

On this appeal the defendants argue that the trial court had the statutory or equitable authority to award reasonable attorney's fees to them as the prevailing party. The defendants admit on this appeal that this action was not brought in "bad faith." Nonetheless, the tenor of the defendants' brief is that this action was "worthless," a "waste of judicial resources" and was instituted solely for economic gain. During oral argument before this Court, though, the defendants placed greater emphasis on this Court's accepting the concept of normally shifting responsibility for attorney's fees to the losing litigant. For the reasons hereinafter stated, we decline that invitation, in favor of retention of the existing rule and the exceptions thereto.

## III

■ Quoting *Humphrey v. Mauzy*, 155 W.Va. 89, 95, 181 S.E.2d 329, 332 (1971), this Court in the recent case of *Geary Land Co. v. Conley*, 175 W.Va. 809, 813, 338 S.E.2d 410, 414 (1985), recognized

again this general rule: " 'Costs were unknown at common law. They are created and provided for by statute and may be imposed, recovered or collected only as authorized by statute.' " As quoted *supra* at n. 2, *W.Va.Code*, 37–13–6 [1963] authorizes an award of "costs." *W.Va.Code*, 59–2–14 [1960] requires the clerk of a court to tax as part of the costs a nominal statutory attorney's fee of ten dollars for a civil action in circuit court and thirty dollars for a proceeding in this Court. These nominal statutory amounts are the attorney's fees recoverable as part of the "costs" under the statute in question, *W.Va.Code*, 37–13–6 [1963]. Ordinarily, attorney's fees in excess of the nominal statutory amounts provided by *W.Va.Code*, 59–2–14 [1960] are not "costs." *Hechler v. Casey*, 175 W.Va. 434, 449–450, 333 S.E.2d 799, 815 (1985); *Nelson v. West Virginia Public Employees Insurance Board*, 171 W.Va. 445, 450–451, 300 S.E.2d 86, 92 (1982); *State ex rel. Citizen's National Bank v. Graham*, 68 W.Va. 1, 7, 69 S.E. 301, 303 (1910); 1 S. Speiser, *Attorneys' Fees* § 12:5 (1973); *Black's Law Dictionary* 312 (5th ed. 1979); 20 C.J.S. *Costs* § 218.a. (1940); 20 Am. Jur.2d *Costs* § 72 (1965).

■ This traditional exclusion of attorney's fees from "costs" recoverable by statute or court rule is derived from the principle that as a general rule each litigant bears his or her own attorney's fees absent a contrary rule of court or express statutory or contractual authority for reimbursement. *Daily Gazette Co. v. Canady*, 175 W.Va. 249, 250, 332 S.E.2d 262, 263 (1985); 1 S. Speiser, *Attorneys' Fees* §§ 12:1, 12:3–12:4 (1973). This so-called "American" rule (contrasted with the rule in England) has, in other jurisdictions as well as in this jurisdiction, been subject to exceptions in certain types of cases. For example, *W.Va.Code*, 59–2–11 [1931] authorizes a court of equity to exercise its tradi-

Virginia also has a statute on proceedings by some of the owners of a private graveyard which is "in a condition of neglect or disuse," against the remaining (including unknown) owners thereof, for removal of the remains to a more suitable repository and for sale of the land thus vacated. *Va.Code* § 57–39 [1968]. "[T]he costs of removal and interment and the costs of suit *including reasonable attorney's fees* [are to be] paid out of the proceeds of the sale." (emphasis added) Again, we find no reported opinions involving this statute. Note the express statutory authorization for recovery of reasonable attorney's fees from the sale proceeds.

tional discretion in the award and allocation of costs. *See Nagy v. Oakley,* 172 W.Va. 569, 572, 309 S.E.2d 68, 71 (1983). *See also* 1 S. Speiser, *Attorneys' Fees* §§ 12:4, at 470–71, 12:11 (1973). There is authority in equity to award to the prevailing litigant his or her reasonable attorney's fees as "costs," without express statutory authorization, when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. *Hechler v. Casey,* 175 W.Va. 434, 450, 333 S.E.2d 799, 815 (1985); *Daily Gazette Co. v. Canady,* 175 W.Va. 249, 250, 332 S.E.2d 262, 263–64 (1985); *Nelson v. West Virginia Public Employees Insurance Board,* 171 W.Va. 445, 451, 300 S.E.2d 86, 92 (1982); *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141, 154 (1975). *See also* 1 S. Speiser, *Attorneys' Fees* § 12:11 (1973); annot., 31 A.L.R.Fed. 833 (1977). "Bad faith" may be found in conduct leading to the litigation or in conduct in connection with the litigation. *Hall v. Cole,* 412 U.S. 1, 15, 93 S.Ct. 1943, 1951, 36 L.Ed.2d 702, 713 (1973).

■ The trial court's finding that this action was brought in good faith is not clearly erroneous. The plaintiff's legal theories of ownership of the burial ground property presented substantial questions of law involving construction of a deed. While these theories of ownership were ultimately determined to be invalid, there is on this record no evidence that the plaintiff acted in bad faith, vexatiously, wantonly or for oppressive reasons.[3] Bringing or defending an action to promote or protect one's economic or property interests does not *per se* constitute bad faith, vexatious, wanton or oppressive conduct within the meaning of the exceptional rule in equity authorizing an award to the prevailing litigant of his or her reasonable attorney's fees as "costs" of the action.

## IV

■ In a related vein, the defendants contend that a person contemplating the institution of an action under *W.Va.Code,* 37–13–1 [1963], *et seq.,* must establish ownership of the burial ground property prior to such action, not in such action. This contention is clearly without merit. *W.Va. Code,* 37–13–1 [1963] authorizes the action when the plaintiff has "title or color of title of public record." As successor to the grantee in the deed in question, Sally–Mike had, at the time it brought the action, color of title of public record. Construction of the recorded deed presented substantial questions of law to be decided in the statutory action in order to show entitlement to the statutory relief.

## V

■ The defendants alternatively suggest that this Court should abandon the "American" rule in favor of a general rule authorizing "fee shifting," whereby the losing litigant must pay the prevailing litigant's reasonable attorney's fees.[4]

In support of the American rule, one should not be penalized for merely prosecuting or defending a lawsuit, as litigation is at best uncertain.[5] The primary justifi-

---

**3.** In *Daily Gazette Co. v. Canady,* 175 W.Va. 249, 332 S.E.2d 262 (1985), there was an allegation that the claim was in bad faith in the sense of being frivolous. Nevertheless, we stated:

We firmly reject the petitioner's implication that frivolity alone will support a finding of bad faith. Certainly, as the frivolousness of a claim or defense increases, the likelihood that it is being advanced for improper purposes increases. In some cases, however, frivolity may be less a function of improper motive than of sheer incompetence.

175 W.Va. at 253, 332 S.E.2d at 266.

**4.** For a general discussion of fee shifting in certain types of litigation involving "nondisputes" see *Nelson v. West Virginia Public Em-*

*ployees Insurance Board,* 171 W.Va. 445, 451–457, 300 S.E.2d 86, 92–99 (1982) (Neely, J., concurring). "Nondisputes" are essentially those cases coming within the "bad faith" exception discussed *supra* in the text.

**5.** *Nelson v. West Virginia Public Employees Insurance Board,* 171 W.Va. 445, 453, 300 S.E.2d 86, 94 (1982) (Neely, J., concurring), discusses this point:

[A]n eventual loser's refusal to recognize the validity of the eventual winner's position, and his insistence on taking the winner to court, do not necessarily imply wrongful conduct on the part of the loser. After all, the loser calculated his chances of winning as suffi-

cation for the American rule is, however, that the poor would be unjustly discouraged from instituting actions to vindicate their rights if the penalty for losing included the fees of their opponents' counsel. *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718, 87 S.Ct. 1404, 1407, 18 L.Ed.2d 475, 478 (1967).[6]

Assessment of reasonable attorney's fees against a losing litigant who has acted in "bad faith" is consistent with the primary justification for the rule against the shifting of attorney's fees, specifically, that the losing litigant should not be discouraged from *fairly* prosecuting or defending a claim. *Gerstle v. Gamble–Skogmo, Inc.*, 478 F.2d 1281, 1309 (2d Cir.1973). Moreover, the "bad faith" exception does not constitute an abridgement of *W.Va. Const.* art. III, § 17, as the access to the courts guaranteed therein applies to cases involving *bona fide* disputes:

> Everyone who has a good faith dispute requiring a decision by an impartial arbiter is entitled to his day in court. On the other hand, every person is not entitled to his day in court regardless of the frivolous nature of the suit. Parties whose interest in the legal process is to oppress or cheat others should be discouraged.

*Nelson v. West Virginia Public Employees Insurance Board*, 171 W.Va. 445, 454, 300 S.E.2d 86, 95 (1982) (Neely, J., concurring).

The American practice of generally not including attorney's fees in costs was a deliberate departure from the English practice, stemming initially from the colonies' distrust of lawyers and continued because of a belief that the English system favored the wealthy and unduly penalized the los-

ing party. *Conte v. Flota Mercante Del Estado*, 277 F.2d 664, 672 (2d Cir.1960).

While the American rule of nonrecovery of reasonable attorney's fees as "costs" of an action, absent a contrary agreement of the parties or express allowance under a statute or rule of court, is subject to some criticism,[7] the existing equitable exceptions, such as the "bad faith" exception, alleviate much of the criticism of the general rule. Moreover, the American rule promotes equal access to the courts for the resolution of *bona fide* disputes. *See Mighty Midgets, Inc. v. Centennial Insurance Co.*, 47 N.Y.2d 12, 22, 416 N.Y.S.2d 559, 564, 389 N.E.2d 1080, 1085 (1979).

Finally, we reiterate our intolerance in this context for demonstrated "bad faith" conduct:

> Although there is an undeniable interest in the maintenance of unrestricted access to the judicial system, unfounded claims or defenses asserted for vexatious, wanton, or oppressive purposes place an unconscionable burden upon precious judicial resources already stretched to their limits in an increasingly litigious society. In reality, to the extent that these claims or defenses increase delay or divert attention from valid claims or defenses asserted in good faith, they serve to deny the very access to the judicial system they would claim as justification for their immunity from sanction.

*Daily Gazette Co. v. Canady*, 175 W.Va. 249, 252, 332 S.E.2d 262, 265 (1985).

For the foregoing reasons the final order of the trial court denying recovery of reasonable attorney's fees is affirmed.

Affirmed.

---

ciently promising to put up his own attorneys' fees. And even where lawyers take a case on a contingent fee, the lawyer has usually calculated the chance of winning as sufficiently strong to warrant his time and effort.

6. *Cf. McHenry v. Humes*, 112 W.Va. 432, 435–37, 164 S.E. 501, 503–04 (1932) (a statute requiring payment of court costs violates *W.Va. Const.* art. III, § 17, as a "sale" of justice, if it operates as a penalty on obtaining judicial decisions because

the amount of the costs is oppressive). We will not discuss herein the effect, if any, of *W.Va. Const.* art. III, § 17 on the concept of fee shifting in cases involving *bona fide* disputes, as neither party has raised the issue.

7. One criticism of the American rule is that the prevailing litigant is not thereunder made fully "whole" but sustains a loss to the extent of the reasonable attorney's fees incurred.

**53**

McGRAW, Justice, dissenting:

From the majority's holding that the defendants in this proceeding were not entitled to reasonable attorneys fees, I respectfully dissent. The plaintiff in this proceeding was a partnership engaged in the commercial development of a tract of land. Within the boundaries of this tract was located a private cemetery. In furtherance of its enterprise, the partnership sought to remove and transfer the remains reposed in the graves of this cemetery under a statute enacted by the Legislature for such purpose.

Pursuant to West Virginia Code, 37–13–3 (1985 Replacement Vol.), which provides, in relevant part, that "the surviving next of kin, heirs at law, administrator, executor, or personal representative of each deceased ... shall be made defendants in such action," the descendants of those interred were made parties. Faced with a business entity asserting the right to disturb the final resting place of their ancestors in a case which raised relatively complex legal issues, the defendants wisely sought legal counsel. Had they not done so, it is likely that the plaintiff would have prevailed. *See Sally-Mike Properties v. Yokum,* 175 W.Va. 296, 332 S.E.2d 597 (1985).

In cases where private citizens are made defendants in litigation commenced pursuant to a legislative enactment, it is unfair to burden them with attorneys fees should they ultimately prevail. This is especially true where such litigation is commenced by a party with superior financial resources. Otherwise, such defendants might be forced to choose between assertion of their legal rights and depletion of their limited financial resources.

The prospect of desecration of the cemetery of their ancestors must have been nightmarish for the defendants in this case. They fought long and hard to defend a right clearly reserved by their forebear in the conveyance to the plaintiff's predecessor in title. The plaintiff's legal fees will be absorbed as an ordinary business ex-

pense. So too should have been the defendants' legal fees.