511 S.E.2d 129

**Larry W. MIDKIFF, Plaintiff
below, Appellant,**

v.

**HUNTINGTON NATIONAL BANK
WEST VIRGINIA, Defendant
below, Appellee.**

No. 25067.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 22, 1998.

Decided Dec. 9, 1998.

James S. Huggins, Esq., Theisen, Brock, Frye, Erb & Leeper, Marietta, Ohio, Attorney for Appellant.

Robert L. Bays, Esq., Charles T. Berry, Esq., Bowles Rice McDavid Graff & Love, Parkersburg, West Virginia, Attorneys for Appellee.

PER CURIAM:

The appellant, Larry W. Midkiff ("Midkiff") appeals a November 6, 1997, order of the Circuit Court of Wood County. The circuit court awarded Midkiff his costs, including expert fees, following a jury verdict in Midkiff's favor in a case against the appellee, Huntington National Bank ("the Bank"). However, the circuit court denied Midkiff's motion for an award of his attorney's fees against the Bank. Midkiff contends that the circuit court erred by refusing to award him his attorney's fees. We affirm the decision of the circuit court.

I.

In 1983 Midkiff opened an IRA account with a predecessor of the appellee Bank, the Wood County Bank of Parkersburg.[1] Between 1983 and 1990, Midkiff made contributions to this account. However, between September of 1990 and January of 1992, Midkiff's then-spouse, Nancy Midkiff,[2] forged[3] Midkiff's signature on 11 occasions to make unauthorized withdrawals from his IRA account.[4] Midkiff was not aware of these withdrawals until 1995, at which time he requested that the Bank return the missing funds. The Bank refused to do so.

Midkiff eventually brought suit against the Bank, alleging breach of fiduciary duty, gross negligence, and breach of contract. The jury returned a verdict in favor of Midkiff, and awarded him $11,000.00 in compensatory damages and $13,000.00 in punitive damages. The court reserved the issue of attorney's fees to be considered as a post-trial motion.

Following the jury trial, and after time to appeal the verdict had run, a hearing was held on Midkiff's request for an award of attorney's fees, expert fees and general costs. The circuit court denied Midkiff's motion for attorney's fees, but did award him his expert fees and general costs. The circuit court specifically found that the Bank had acted recklessly and with gross negligence, and had breached its fiduciary duty. However, the circuit court also found that the Bank did not act oppressively, vexatiously, wantonly, or with bad faith or an evil intent.

II.

■ We are mindful that "[t]his Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo.*" Syllabus Point 4, *Burgess v. Porterfield,* 196 W.Va. 178, 469 S.E.2d 114 (1996).

■ As a general rule, each party bears his own attorney's fees absent a contrary ruling of the court or an express statutory or contractual authority for reimbursement. Syllabus Point 2, *Sally–Mike Properties v. Yokum,* 179 W.Va. 48, 365 S.E.2d 246 (1986). However,

[t]here is authority in equity to award to the prevailing litigant his or her reasonable attorney's fees as "costs," without ex-

1. The Wood County Bank of Parkersburg eventually merged with Huntington National Bank.

2. At some point Midkiff and Nancy Midkiff divorced.

3. Midkiff produced evidence tending to prove that Nancy Midkiff forged Midkiff's signature, including the testimony of a handwriting expert.

The jury determined that Nancy Midkiff forged Midkiff's signature without his permission or knowledge.

4. At trial, Midkiff contended that $31,725.00 was taken from his account without his approval or knowledge.

press statutory authorization, when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. Syllabus Point 3, *Sally–Mike Properties.*

The jury was instructed that it could award punitive damages if it found that the Bank acted with gross fraud, malice, oppression; or with wanton, willful, or reckless conduct; or with criminal indifference to civil obligations affecting the rights of others. We have stated:

> In actions of tort, where gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others appear, or where legislative enactment authorizes it, the jury may assess exemplary, punitive, or vindictive damages; these terms being synonymous.

Syllabus Point 4, *Mayer v. Frobe,* 40 W.Va. 246, 22 S.E. 58 (1895).

While we agree that there are similarities between the criteria for punitive damages and the criteria for an award of attorney's fees, they are two separate and distinct issues that must be addressed separately. Thus, in *McClung v. Marion County Commission,* 178 W.Va. 444, 360 S.E.2d 221 (1987), we upheld a jury's award of both attorney's fees and punitive damages because:

> ... there was sufficient evidence of wanton, willful or malicious conduct to support the jury's finding of liability for punitive damages. Similarly, there was sufficient evidence of bad faith, vexatious, wanton or oppressive conduct to support an award of reasonable attorney's fees.

178 W.Va. at 453, 360 S.E.2d at 230.

In *McClung,* the standards for awarding attorney's fees and punitive damages were examined separately. Both awards were found to be appropriate, in light of the defendant's conduct. In the instant case, the jury applied the standard for punitive damages and did award Midkiff punitive damages.

Despite the trial court determining that the Bank did not act "in bad faith, vexatiously, wantonly, or oppressively or with any evil intent," Midkiff contends that the criteria used by the jury in considering whether to award him punitive damages are nearly identical to the criteria established in *Sally–Mike Properties* for an award of attorney's fees. Midkiff therefore argues that the lower court abused its discretion in denying his motion for attorney's fees.

In *Daily Gazette Co., Inc.,* this Court held:

> A court *may* order payment by an attorney to a prevailing party reasonable attorney fees and costs incurred as the result of his or her vexatious, wanton, or oppressive assertion of a claim or defense that cannot be supported by a good faith argument for the application, extension, modification, or reversal of existing law.

Syllabus, *Daily Gazette Co., Inc. v. Canady,* 175 W.Va. 249, 332 S.E.2d 262 (1985) (emphasis added). Awarding attorney fees for conduct described in *Daily Gazette Co. Inc.* is expressed as permissive, not mandatory.

In applying the standards for awarding attorney's fees, the circuit court determined that the actions of the Bank did not rise to the degree of conduct contemplated by *Sally–Mike Properties, supra.*[5] This determination was within the sound discretion of the court, and we do not find that the circuit court abused its discretion.

Accordingly we affirm the lower court.[6]

Affirmed.

Justice McGRAW did not participate in the decision of this case.

---

**5.** Were we to agree with the argument of the appellant Midkiff, we would be well on our way to erasing the distinction between attorney's fees and punitive damages. We would in essence be finding that every time a jury awarded punitive damages, attorney's fees should be awarded without further examination. We do not agree with this approach.

**6.** The Bank asserted several cross-assignments of error all relating to the jury and the jury verdict.

In light of our resolution of this case, we decline to address these issues.