**STATE OF WEST VIRGINIA**

**Olivia Binegar, Defendant Below,**
**Petitioner**

**FILED**

**June 10, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 12-1058** (Marion County 12-C-AP-1)

**Bryan K. Swiger, Plaintiff Below,**
**Respondent**

**MEMORANDUM DECISION**

Petitioner Olivia Binegar, by counsel Gregory T. Hinton, appeals the August 9, 2012 order of the Circuit Court of Marion County denying her motion for reconsideration. Respondent Swiger has made no appearance at this Court.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2011, respondent sued petitioner in magistrate court alleging that petitioner was in possession of a laptop computer that respondent owned. Respondent sought either the return of the computer or the computer's value, $1,937.94, plus costs. Petitioner filed an answer denying respondent's claim and asserting an affirmative defense that respondent had completed delivery of a gift to her in the form of the computer and was not entitled to revocation. Petitioner also asserted a counterclaim alleging respondent borrowed several sums of money from her and had not repaid the money, and that the lawsuit was an abuse of process. Petitioner requested attorney's fees and a jury trial.

On December 21, 2011, a jury returned a verdict in favor of petitioner on respondent's claim, and also found in petitioner's favor on her counterclaim for abuse of process, though no relief was granted in regard to petitioner's other counterclaim. The jury also found that petitioner should be awarded "court/lawyer costs." The magistrate court ultimately awarded petitioner $700 in attorney's fees, which was below the amount that counsel provided to the magistrate court, based on the hours involved and the applicable hourly rate. Petitioner thereafter appealed the award to circuit court, arguing that the award of $700 was arbitrary, capricious, and not in conformance with the laws of the State of West Virginia. After a hearing, the circuit court denied petitioner's appeal. On August 7, 2012, petitioner filed a motion to reconsider, that the circuit court considered under Rule 59(e) of the West Virginia Rules of Civil Procedure. Ultimately, the circuit court denied this motion.

1

On appeal, petitioner alleges the circuit court erred in the following three ways: by initially failing to recognize that there is authority to award attorney fees in magistrate court; by concluding that attorney's fees in the instant case were not appropriate because it does not involve a dispute under the West Virginia Consumer Credit Protection Act; and in finding that the award of attorney's fees was not arbitrary, capricious, an abuse of discretion, or contrary to the laws of the State of West Virginia. In support, petitioner argues that this Court established, in *Wolfe v. Welton*, 210 W.Va. 563, 558 S.E.2d 363 (2001), that a magistrate court may award attorney's fees. Further, petitioner argues that the Court has also held that attorney's fees are appropriate in cases where the losing party "has acted in bad faith, vexatiously, wantonly or for oppressive reasons." Syl. Pt. 2, in part, *In re John T.*, 225 W.Va. 638, 695 S.E.2d 868 (2010) (quoting Syl. Pt. 3, *Sally–Mike Properties v. Yokum*, 179 W.Va. 48, 365 S.E.2d 246 (1986)). Petitioner argues that the jury finding in her favor on her claim of abuse of process satisfies this bad faith requirement. Lastly, petitioner argues that the $700 award is arbitrary and capricious in light of the fact that her attorney spent twenty-five hours on the case, and his usual rate is $175 per hour. According to petitioner, the circuit court made no attempt to ascertain how the magistrate court arrived at the $700 award.

This Court has previously held that

> "[i]n reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. pt. 1, *Public Citizen, Inc. v. First National Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

Syl. Pt. 1, *Beverly v. Thompson*, 229 W.Va. 684, 735 S.E.2d 559 (2012). After careful consideration of the parties' arguments, this Court concludes that the circuit court did not abuse its discretion in denying petitioner's appeal or her motion for reconsideration. To begin, the Court finds no merit in either of petitioner's first two assignments of error. As to petitioner's first assignment of error that the circuit court initially erred in failing to recognize that magistrate courts have authority to award attorney's fees, the issue is moot due to the fact that the circuit court ultimately upheld the magistrate court's award of attorney's fees. Additionally, petitioner's assignment of error misstates the circuit court's order, wherein it found that "[petitioner] cites no authority showing that a Magistrate has the legal authority to award attorney['s] fees."

In regard to petitioner's second assignment of error, it was not error for the circuit court to distinguish the instant matter from this Court's prior holding in *Wolfe*. As noted in the order denying petitioner's motion for reconsideration, the circuit court found *Wolfe* inapplicable because it concerned an award of attorney's fees pursuant to the West Virginia Consumer Credit Protection Act, which was not related to the instant cause of action. Importantly, the circuit court noted that it had already upheld the award of attorney's fees and that "petitioner's contention lies solely with the amount awarded." For these reasons, it is clear that the circuit court did not find attorney's fees to be inappropriate, and, as such, we find no error in the circuit court's finding that

*Wolfe* was inapplicable.

Lastly, we find no error in the circuit court's finding that the magistrate court's award of attorney's fees was not arbitrary, capricious, an abuse of discretion, or contrary to the laws of the State. Petitioner's main argument on this point is that the attorney's fee award was well below the amount that counsel provided to the magistrate court, based on the hours involved and the applicable hourly rate. However, we have previously held that

> "[w]here attorney's fees are sought against a third party, the test of what should be considered a reasonable fee is determined not solely by the fee arrangement between the attorney and his client. The reasonableness of attorney's fees is generally based on broader factors such as: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Syl. pt. 4, *Aetna Casualty & Surety Co. v. Pitrolo*, 176 W.Va. 190, 342 S.E.2d 156 (1986).

Syl. Pt. 3, *Fauble v. Nationwide Mut. Fire Ins. Co.*, 222 W.Va. 365, 664 S.E.2d 706 (2008). The circuit court's order denying petitioner's appeal contains a thorough, detailed analysis of these factors. Based upon the circuit court's analysis, we find no error in the determination that the magistrate court's award of attorney's fees was not arbitrary, capricious, an abuse of discretion, or contrary to the laws of the State.

For the foregoing reasons, we find no error in the decision of the circuit court and its orders denying the petition for appeal and petitioner's motion for reconsideration are affirmed.

Affirmed.

**ISSUED:** June 10, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II