# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Frank A. Bigham, Defendant Below, Petitioner**

**vs.)   No. 12-1373** (Hampshire County 12-C-87)

**Peach Lake Farm Associations, Inc., a West Virginia Non-Profit Corporation; Bonnie Martin, President and lot owner; Judy Conner, Treasurer, Board member, and lot owner; and Janet St. Clair, Board member, and lot owner; Plaintiffs Below, Respondents**

**FILED**

October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Frank A. Bigham, appearing *pro se*, appeals an order of the Circuit Court of Hampshire County, entered November 2, 2012, that granted in part and denied in part respondents' petition for a permanent injunction to enforce restrictive covenants. Respondent Peach Lake Farm Associations, Inc. ("PLFA") and its various officers and board members (collectively "respondents"), by counsel J. David Judy III, filed both a response and a cross-petition for appeal. Petitioner filed a reply to both such pleadings.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

PLFA and the Cabin in the Pines ("CIP") are adjoining subdivisions in Hampshire County, West Virginia, that were created by the same developer. The restrictive covenants for each subdivision limited the use of each lot within the respective subdivision to residential and recreational purposes, and prohibited all-terrain vehicles ("ATVs") from use within the subdivision. However, the restrictive covenants for CIP were subsequently amended to allow the use of ATVs. The restrictive covenants for PLFA were not so amended.

The restrictive covenants for PLFA provide that "the owners, guests[,] and invitees of [CIP] have the right of ingress and egress . . . over across and through Peach Lake Drive, one of the

---

[1] Petitioner also filed a motion to supplement the appendix with the missing pages of Defendant's Exhibit 33. Defendant's Exhibit 33 appears to be among a group of exhibits admitted as Defendant's Exhibit No. 1 without objection at a July 24, 2012 hearing. After careful consideration, this Court granted the motion and ordered the missing pages filed.

-1-

primary roads located in [PLFA]." In addition, PLFA and CIP share a portion of Crest Haven Road.

Petitioner resides on Lot 24 in CIP, but also owns Lot 22 in PLFA. According to petitioner, he purchased PLFA Lot 22 in 2010, "in order to try and alleviate some of the friction between the two [subdivision] associations by insuring that all [CIP] lot owners would be able to use the common areas of the [PLFA] as guests of [his] family." Petitioner indicates that the friction has been caused by years of conflict between the two associations over their respective rights and that now, respondents are pursuing a personal vendetta against him. Respondents deny that they are pursuing such a vendetta.

On May 7, 2012, respondents filed a petition for a temporary restraining order and a permanent injunction alleging that petitioner had been violating various provisions of PLFA's restrictive covenants. Respondents' claims were the following: (1) petitioner was not observing speed restrictions on roads within PLFA; (2) petitioner was using ATVs on roads within PLFA; (3) petitioner was operating a commercial business from his residence on CIP Lot 24 (and using roads within PLFA to accept commercial deliveries); (4) petitioner had a second residence on his CIP lot; (5) petitioner had a fence that was encroaching upon rights of way within PLFA; (6) petitioner had more livestock on his PLFA lot than PLFA's restrictive covenants allowed; and (7) petitioner placed political and directional signs on his PLFA lot in violation of PLFA's restrictive covenants.

The circuit court granted respondents a temporary restraining order on June 21, 2012,[2] following a hearing at which petitioner failed to appear. The issue of a permanent injunction was continued to July 10, 2012, and then to July 24, 2012. At the July 24, 2012 hearing, exhibits were admitted and testimony was adduced. The circuit court allowed the parties to file post-trial briefs and proposed orders.

On November 2, 2012, the circuit court entered its order that granted in part and denied in part respondents' petition for a permanent injunction. The circuit court first denied petitioner's various motions. The circuit court ruled that no reason existed to disqualify respondents' counsel. The circuit court further ruled that contrary to petitioner's arguments, PLFA could take lawful action without ratified by-laws and that the individual respondents could act on PLFA's behalf.

The circuit court next considered respondents' claims. The circuit court granted a permanent injunction enjoining petitioner from violating speed restrictions posted within the PLFA "including Peach Lake Drive and that portion of Crest Haven Road that does not adjoin any CIP lots." With regard to that portion of Crest Haven Road that the two associations shared, the circuit court denied a permanent injunction finding that the governing bodies of the two subdivisions should come to an agreement concerning speed restrictions on the shared portion.

Second, the circuit court granted a permanent injunction enjoining petitioner's use of an ATV within the PLFA "including Peach Lake Drive and that portion of Crest Haven Road that

---

[2] In granting a temporary restraining order, the circuit court required that respondents post a $1,000 security bond.

does not adjoin any CIP lots." With regard to that portion of Crest Haven Road that the two associations shared, the circuit court denied a permanent injunction finding that the governing bodies of the two subdivisions should come to an agreement concerning ATV use on the shared portion.

Third, the circuit court denied a permanent injunction with regard to petitioner's operation of a commercial garage from CIP Lot 24 because "that issue is between [petitioner] and CIP." The circuit court denied a permanent injunction with regard to alleged commercial deliveries petitioner was receiving at his CIP residence, via roads within PLFA, because it was unclear which deliveries were for commercial purposes and which deliveries were for personal purposes.

Fourth, the circuit court denied a permanent injunction with regard to respondents' claim that petitioner had a second residence on CIP Lot 24 because "the evidence did not demonstrate that [petitioner] has a second residence on his CIP lot."

Fifth, the circuit court granted a permanent injunction ordering petitioner to remove all fencing and other obstructions "from the rights of way of the [PLFA] on either Crest Haven Road or Madison Drive, consistent with the Plat of Survey filed with the Court as Plaintiff's Exhibit No. 17." The circuit court directed that within sixty days of the entry of its order, petitioner shall reimburse respondents $1,100 for expenses with regard to the survey because petitioner had stated that PLFA "would have to show him where the boundary of the right of way was in order for him to move the fence." The circuit court further ordered that petitioner was prohibited from placing an obstacle or obstruction across any right of way within the PLFA.

Sixth, the circuit court granted a permanent injunction consistent with the PLFA's restrictive covenants enjoining petitioner from having in excess of two head of livestock on Lot 22 because the lot consisted of less than three acres.

Lastly, the circuit court granted a permanent injunction enjoining petitioner from placing any signs whatsoever on PLFA Lot 22, on his mailbox, "or at any other location in the [PLFA] other than rent or sale signs as allowed by the [PLFA] Protective Covenants." The circuit court also granted a permanent injunction enjoining petitioner from encouraging others, including lot owners of CIP, to violate the restrictive covenants of the PLFA.

As for respondents' motion for attorney's fees, the circuit court denied the motion "at this time" finding that no exception to the general rule that each party pay their own attorney's fees applied to this case. However, the circuit court indicated a willingness to consider awarding attorney's fees if petitioner violates the permanent injunction. Also, the circuit court ordered that each party pay half of the court costs and ordered that the bond posted by respondents was forfeited with regard to their respective half of the court costs with any remainder refunded to them.

Petitioner appeals the circuit court's November 2, 2012 order and raises several assignments of error. Respondents cross-appeal the denial of their motion for attorney's fees.

We apply the following standard for reviewing an order granting a permanent injunction:

> Unless an absolute right to injunctive relief is conferred by statute, the power to grant or refuse to modify, continue, or dissolve a temporary or a permanent injunction, whether preventative or mandatory in character, ordinarily rests in the sound discretion of the trial court, according to the facts and the circumstances of the particular case; and its action in the exercise of its discretion will not be disturbed on appeal in the absence of a clear showing of an abuse of such discretion

Syl. Pt. 5, *Foster v. Orchard Development Co., LLC*, 227 W.Va. 119, 705 S.E.2d 816 (2010) (Internal quotations and citations omitted.).

## DENIAL OF PETITIONER'S MOTION
## TO DISQUALIFY RESPONDENTS' COUNSEL

Petitioner asserts that he moved to disqualify respondents' counsel because the individual respondents had no authority to retain counsel to represent PLFA. Respondents assert that petitioner was never a client of their counsel and that petitioner's motion to disqualify had no basis in law or fact. While a court possesses the inherent authority to disqualify a party's counsel if a conflict of interest exists, a motion to disqualify "should be viewed with extreme caution because of the interference with the lawyer-client relationship." Syl. Pt. 1, *Garlow v. Zakaib,* 186 W.Va. 457, 413 S.E.2d 112 (1991). Petitioner's disqualification argument is based on his contention that the individual respondents had no authority to act on PLFA's behalf. Because this Court concludes that the individual respondents did have authority to act on PLFA's behalf, *see infra*, we conclude that the circuit court did not err in denying petitioner's motion to disqualify respondents' counsel.

## RESPONDENTS' STANDING TO BRING
## AN ACTION TO ENFORCE RESTRICTIVE COVENANTS

Petitioner argues that PLFA cannot take lawful action without ratified by-laws and that the individual respondents cannot act on PLFA's behalf. Respondents counter that the circuit court properly concluded that the board and officers of PLFA were legally seated and had the authority to act on PLFA's behalf. Respondents further argue that there is no legal requirement that a subdivision association adopt by-laws in order to transact business. Rule 52(a) of the West Virginia Rules of Civil Procedure provides that when a court sits without a jury, "[f]indings of fact, *whether based on oral or documentary evidence*, shall not be set aside unless clearly erroneous." (Emphasis added.). In denying petitioner's motions raising these two interrelated issues, the circuit court cited to a number of exhibits admitted at trial, including Plaintiffs' Exhibit 26, the minutes from the May 19, 2012, annual PLFA meeting at which petitioner moved to retain the existing board of directors. Accordingly, the circuit court found that petitioner acknowledged the existing board's authority. Also, the circuit court relied on Defendant's Exhibit 34 to support its finding that there was evidence indicating that PLFA had previously adopted by-laws. The circuit court ultimately concluded that formal ratification of by-laws was not necessary for PLFA to engage in

lawful action. It is the restrictive covenants themselves that give PLFA "the right to enforce by any proceedings, at law or in equity, all restrictions, conditions, [and] covenants, . . . imposed by the provisions of this Declaration." After careful consideration, this Court concludes that the circuit court did not err in denying petitioner's motions because PLFA had lawful authority to enforce the restrictive covenants and that the individual respondents had authority to act on PLFA's behalf.

## PERMANENT INJUNCTION PROHIBITING
## PETITIONER FROM USING ATVS ON ROADS WITHIN PLFA

Petitioner argues that because CIP is the dominant estate and PLFA is the servient estate, CIP's recent decision to allow ATVs on its roads preempts PLFA's prohibition against the use of ATVs on its roads. Respondents note that while CIP amended its restrictive covenants to allow ATVs, PLFA did not. The circuit court granted only a partial permanent injunction against petitioner and ruled that because the two subdivisions share a portion of Crest Haven Road, the two governing bodies should come to an agreement about ATV use on that shared portion. The circuit court prohibited petitioner from using ATVs on roads exclusively within PLFA's control. We find that the circuit court ruling is supported by both the PLFA restrictive covenants and the restrictive covenants for CIP in that article VIII, paragraph 18 of CIP's restrictive covenants, which discusses CIP's right of way over Peach Lake Drive, provides that "[n]othing herein is intended to give any [CIP lot owner] free use of all of the subdivision roads of [PLFA]." After careful consideration, this Court concludes that the circuit court did not abuse its discretion in permanently enjoining petitioner from using ATVs on roads exclusively within PLFA's control.

## PERMANENT INJUNCTION ORDERING
## PETITIONER TO UNOBSTRUCT RIGHTS OF WAY WITHIN PLFA

Petitioner asserts that his fencing may encroach upon rights of way within PLFA as long as such encroachment does not actually hamper persons' ingress and egress to the public road. Respondents argue that the circuit court correctly enjoined petitioner from obstructing rights of way within PLFA. The circuit court ordered petitioner to remove all fencing and other obstructions "from the rights of way of the [PLFA] on either Crest Haven Road or Madison Drive, consistent with the Plat of Survey filed with the Court as Plaintiff's Exhibit No. 17." The circuit court found that the plats for PLFA called for those roads to have rights of way of sixty feet in width and that PLFA's restrictive covenants provided for unobstructed access across the entire sixty foot widths of the rights of way. This Court notes that "[petitioner] admitted that the fence was within the right of way." After careful consideration, this Court concludes that the circuit court did not abuse its discretion in granting a permanent injunction ordering petitioner to remove the fencing and other obstructions.

Petitioner also challenges the circuit court's order that he reimburse respondents $1,100 for expenses with regard to the survey they obtained. Petitioner acknowledges that he stated he could not locate the boundaries of the rights of way without a survey. However, petitioner argues that it was respondents' burden to establish the easements by clear and convincing evidence. This Court finds that petitioner's argument would have merit if the existence of the rights of way was in question. The issue in the case at bar, however, was whether petitioner was encroaching upon the

rights of way. After careful consideration, we conclude that the circuit court did not err in ordering petitioner to reimburse respondents for the expenses incurred in obtaining the survey.

WHETHER THE CIRCUIT COURT
VIOLATED PETITIONER'S CONSTITUTIONAL RIGHTS.

In arguing that the circuit court violated his constitutional rights, petitioner notes, in an apparent reference to the signs he placed on his PLFA lot, that the West Virginia Constitution guarantees the freedom of speech. Respondents argue that there was no violation of petitioner's constitutional rights and that, in petitioner's initial brief, he appears not to challenge the circuit court's ruling on whether he could place signs prohibited by PLFA's restrictive covenants. Petitioner counters that he was not waiving any possible assignments of error including the issue of whether he could put up signs that are prohibited by PLFA's restrictive covenants. If petitioner was referring to the issue of signs when he referenced the guarantee of free speech in his initial brief, this Court notes that petitioner agreed to be bound by PLFA's restrictive covenants when he bought PLFA Lot 22. PLFA's restrictive covenants provide that they "shall run with the land and shall be binding upon all subsequent owners of the lots." Therefore, this Court concludes that the circuit court did not abuse its discretion in enjoining petitioner from placing signs that are prohibited by PLFA's restrictive covenants. As to all other possible assignments of error, this Court concludes that by either failing to raise them or raising them only in passing, petitioner has waived all other issues. *See State v. LaRock,* 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996).

RESPONDENTS' CROSS-APPEAL OF DENIAL OF ATTORNEY'S FEES

Respondents argue that West Virginia Code § 36B-3-116 mandates that they be awarded their attorney's fees. Petitioner argues that West Virginia Code § 36B-3-116 does not apply to the case at bar because it involved neither a subdivision association's enforcement of assessment fees nor a lot owner's challenge to the validity of a fee assessment. West Virginia Code § 36B-3-116 provides that an association has a lien against a lot for any assessment fee that is past due and further provides, in pertinent part, that "[a] judgment or decree in any action *brought under this section* must include costs and reasonable attorney's fees for the prevailing party." W.Va. Code § 36B-3-116(f) (Emphasis added.). This Court concludes that the plain language of West Virginia Code § 36B-3-116 indicates that it does not apply to actions that do not involve the enforcement and/or validity of assessment fees.

When there is no express statutory authorization, "[t]here is authority in equity to award to the prevailing litigant his or her reasonable attorney's fees as 'costs,' . . . when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons." Syl. Pt. 3, *Sally-Mike Properties v. Yokum*, 179 W.Va. 48, 365 S.E.2d 246 (1986). While the circuit court denied respondents' motion for attorney's fees, it ordered petitioner to reimburse respondents $1,100 for the survey obtained with regard to his encroachment upon certain rights of way. Furthermore, the circuit court indicated a willingness to consider awarding attorney's fees if petitioner violates the permanent injunction. Given these facts, this Court cannot state that the circuit court erred in denying respondents' motion for attorney's fees "at this time."

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**   October 4, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II