## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**G. David Ramezan,**
**Petitioner**

**vs)   No. 14-1311** (Gilmer County 12-JD-6)

**Gerald B. Hough, Gilmer County Prosecuting**
**Attorney and the Gilmer County Commission,**
**Respondents**

**FILED**

September 11, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner G. David Ramezan, appearing *pro se*, appeals the November 24, 2014, order of the Circuit Court of Gilmer County denying his motion to be reimbursed for attorney's fees incurred in litigation ancillary to a confidential juvenile matter. Respondents Gerald B. Hough, Gilmer County Prosecuting Attorney and Gilmer County Commission (collectively, "Gilmer County prosecutor"), by counsel Wendy E. Greve and Drannon L. Adkins, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner owns and operates an internet publication known as The Gilmer Free Press. In that capacity, petitioner published a letter to the editor concerning a confidential juvenile matter, No. 12-JD-6, then-pending in the Circuit Court of Gilmer County. The Gilmer County prosecutor filed a subpoena to compel petitioner to divulge the identity of the letter's author to investigate whether that person had violated the law.[1] Petitioner refused to disclose the author's identity based on his belief that as a news reporter, he could not be required to breach his promise of confidentiality to his source. At a March 8, 2012, in-chambers hearing, the circuit court declined to compel petitioner to divulge the author's identity at that time, but advised that petitioner should retain counsel if he wished to continue to protect the confidentiality of his source.

Thereafter, petitioner obtained counsel to litigate whether he was required to disclose his source, and the Gilmer County prosecutor subpoenaed petitioner's tax records based on the State's

---

[1] West Virginia Code § 49-5-103(f), which was in effect at the time of the events at issue, provided, in pertinent part, that "[a]ny person who willfully violates [the confidentiality of juvenile records] is guilty of a misdemeanor and, upon conviction, shall be fined not more than $1,000, or confined in jail for not more than six months, or both fined and confined."

position that petitioner could not invoke the reporter's privilege found in West Virginia Code § 57-3-10 unless petitioner derived income from his reporting activities. Petitioner opposed the subpoena of his tax records.

By order entered October 22, 2014, the circuit court first determined that petitioner's tax records were irrelevant to the determination of whether petitioner could exercise the statutory privilege West Virginia Code § 57-3-10 afforded to news reporters and, therefore, petitioner did not have to produce those records. Second, the circuit court found that petitioner was a "reporter" within the meaning of West Virginia Code § 57-3-10 and was able to exercise the privilege and protect the identity of his source. Finally, finding that no exception applied, the circuit court ruled that petitioner properly refused to disclose the identity of the author of the letter to the editor concerning the juvenile matter.

While the litigation over the reporter's privilege was ongoing, petitioner filed a separate civil action, No. 13-C-19, against the Gilmer County prosecutor alleging that he was being harassed by the prosecutor. As part of the harassment suit, petitioner sought reimbursement of the attorney's fees he incurred in resisting the Gilmer County prosecutor's subpoena. The circuit court in No. 13-C-19 directed petitioner to litigate the attorney's fees issue in Case No. 12-JD-6 concerning the subpoena.[2]

Consequently, on April 10, 2014, petitioner filed a motion to be awarded his attorney's fees in No. 12-JD-6.[3] The Gilmer County prosecutor filed a response to the motion on July 10, 2014. Following a hearing, the circuit court denied the motion by order entered November 24, 2014. First, the circuit court noted that under the "American Rule," each party involved in litigation ordinarily pays his own attorney's fees. Second, the circuit court noted that West Virginia Code § 57-3-10 did not contain a fee-shifting provision allowing a prevailing reporter to recover attorney's fees. Finally, the circuit court found that the Gilmer County prosecutor did not act vexatiously, wantonly, or in bad faith in seeking the identity of petitioner's source as to entitle petitioner to be awarded his attorney's fees as a matter of equity.

Petitioner appeals the circuit court's November 24, 2014, order to this Court. "The decision to award or not to award attorney's fees rests in the sound discretion of the circuit court, and the exercise of that discretion will not be disturbed on appeal except in cases of abuse." Syl. Pt. 2, in part, *Beto v. Stewart*, 213 W.Va. 355, 356, 582 S.E.2d 802, 803 (2003). However, before we address whether the circuit court abused its discretion in not awarding petitioner his attorney's fees, we discuss two preliminary matters raised by petitioner.

First, petitioner argues that Judge Richard A. Facemire, who was assigned to No. 12-JD-6, should have been disqualified from ruling on his motion for attorney's fees.[4] Petitioner asserts that

---

[2] The circuit court ultimately granted summary judgment in favor of the Gilmer County prosecutor in petitioner's harassment suit by order entered March 9, 2015.

[3] Petitioner claimed $25,082.79 in attorney's fees.

[4] In petitioner's separate civil action, No. 13-C-19, Judge Facemire voluntarily

2

Judge Facemire "forced" him into hiring counsel to litigate the reporter's privilege issue. The Gilmer County prosecutor counters—and the record supports—that petitioner did not seek the judge's disqualification. "This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance." Syl. Pt. 2, *Sands v. Security Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733, 734 (1958). From our review of the transcript of the March 8, 2012, hearing, all Judge Facemire did was to indicate to petitioner that if he wanted to litigate the reporter's privilege issue, it would be beneficial to him if he retained counsel who would know the law surrounding the privilege and the exceptions thereto. Indeed, as petitioner concedes—once that issue was fully briefed—Judge Facemire ruled in petitioner's favor. Therefore, we find no merit to the issue of whether Judge Facemire was disqualified from ruling on the motion for attorney's fees because (1) the record does not show that the issue was ever raised; and (2) even if the issue had been properly preserved, the record reflects that no reason existed for the judge's disqualification.

The second preliminary issue petitioner raises is his claim that his request for attorney's fees ought to have been decided by a jury.[5] The Gilmer County prosecutor counters that there is no right to a jury trial in circumstances such as these, where the parties litigated a privilege issue and then an attorney's fees issue in proceedings purely ancillary to a confidential juvenile matter. *See Richardson v. Kentucky National Insurance Co.*, 216 W.Va. 464, 467, 607 S.E.2d 793, 796 (2004) (amount of attorney's fees arising out of first-party bad faith action against policyholder's insurer constituted question for court—not jury). We agree with the Gilmer County prosecutor that petitioner had no right to have his request for attorney's fees decided by a jury in circumstances such as those of the instant case.

We now turn to the primary issue of whether the circuit court abused its discretion in denying petitioner's motion for attorney's fees.[6] In syllabus points 2 and 3 of *Sally-Mike Properties v. Yokum*, 179 W.Va. 48, 48-49, 365 S.E.2d 246, 246-47 (1986), we held as follows:

> [Generally, under the "American Rule,"] each litigant bears his or her own attorney's fees absent a contrary rule of court or express statutory or contractual authority for reimbursement.
>
> \*        \*        \*
>
> There is authority in equity to award to the prevailing litigant his or her reasonable attorney's fees as "costs," without express statutory authorization, when the losing

---

disqualified himself because the Gilmer County prosecutor was the named defendant. We note that this was not true of the instant case, No. 12-JD-6, where the named defendant was the juvenile accused of delinquency.

[5] The record on appeal does not show that this issue was raised with the circuit court. However, we address the merits of petitioner's assignment of error.

[6] *See* Syl. Pt. 2, in part, *Beto*, 213 W.Va. at 359, 582 S.E.2d at 806.

party has acted in bad faith, vexatiously, wantonly or for oppressive reasons.

Petitioner does not argue that there is contractual authority for reimbursement of his attorney's fees; therefore, the only considerations are (1) whether statutory authorization existed for an award of attorney's fees; and (2) if there was not statutory authorization, whether petitioner was entitled to be awarded his attorney's fees as a matter of equity. First, from our independent review of West Virginia Code § 57-3-10,[7] we agree with the circuit court that West Virginia Code § 57-3-10 does not contain any fee-shifting provision allowing a reporter prevailing under it to recover attorney's fees.

Second, we concur with the circuit court's ruling that the Gilmer County prosecutor did not act vexatiously, wantonly, or in bad faith in in seeking the identity of petitioner's source. In connection with No. 12-JD-6, petitioner's major complaint was that the Gilmer County prosecutor sought his tax records. The circuit court determined that petitioner's tax records were irrelevant to the determination of whether petitioner could exercise the statutory privilege pursuant to West Virginia Code § 57-3-10, but made no finding that the Gilmer County prosecutor acted vexatiously, wantonly, or in bad faith. West Virginia § 57-3-10(a) provides, in pertinent part, that a "reporter" is a person who disseminates the news to the public and engages in such activity "for a substantial portion of the person's livelihood." While the circuit court did not accept the Gilmer County prosecutor's position that petitioner had to derive income from his reporting activities to be a "reporter," the prosecutor's argument had its basis in the language of West Virginia § 57-3-10(a). Thus, we find that the argument was made in good faith and was not advanced either vexatiously or wantonly. Therefore, we conclude that the circuit court did not abuse its discretion in denying petitioner's motion for attorney's fees.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: September 11, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[7] Issues of statutory interpretation are reviewed de novo. *See* Syl. Pt. 2, *Richardson*, 216 W.Va. at 466, 607 S.E.2d at 795.