No. 17-0141 – *Arthur L. Conkey, Jr. et al. v. Sleepy Creek Forest Owners Association, Inc.*

**FILED**
**April 11, 2018**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

WALKER, J., concurring

While I concur in the outcome reached by the majority, I write separately to express my concern with the majority's analysis of the circuit court's award of attorneys' fees to Sleepy Creek Forest Owners Association (Association).

Rather than rely on either West Virginia Code § 36B-3-116 (2011) or the Association's Amendment to Declaration of Restrictions (Amended Declaration), I would affirm the attorneys' fee award to the Association based on West Virginia Code § 36B-4-117 (2011), which states:

> If a declarant or any other person[1] subject to this chapter fails to comply with any of its provisions or any provision of the declaration or bylaws, any person or class of persons adversely affected by the failure to comply has a claim for appropriate relief. Punitive damages may be awarded for a willful failure to comply with this chapter. The court, in an appropriate case, may award reasonable attorney's fees.

In this case, the Conkeys did not pay their assessments, failed to comply with the Amended Declaration, and adversely affected the Association and its members.  Thus,

---

[1] The Uniform Common Interest Ownership Act, West Virginia Code §§ 36B-1-101 – 36B-4-120, defines "[p]erson" as an "individual, corporation, business trust, estate, trust, partnership, association, joint venture, government, governmental subdivision or agency, or other legal or commercial entity."  W. Va. Code § 36B-1-103 (2011).

§ 36B-4-117 empowered the circuit court to deviate from our general rule that each litigant must bear his or her own costs[2] and award the Association its reasonable attorneys' fees, if appropriate. The circuit court reasoned that if the Conkeys are not made to pay the Association's reasonable attorneys' fees, other Association members would be incentivized to ignore their assessments and pass the cost of the collection on to their neighbors. In light of those circumstances, I would find that the circuit court did not abuse its discretion under § 36B-4-117 by awarding the Association its reasonable attorneys' fees.

I would not rely on § 36B-3-116 or the Association's Amended Declaration because the Association sued the Conkeys to recover the unpaid assessments, and not to enforce either the statutory lien on the Conkeys' property created by § 36B-3-116(a) or the consensual, common law lien on the Conkeys' property created by the Amended Declaration. Rather, the Association chose to sue the Conkeys to collect unpaid assessments, that is, to enforce the Conkeys' promise to pay their assessments.

This choice matters. Section 36B-3-116(f)[3] grants costs and reasonable attorneys' fees to the prevailing party in an action brought pursuant to § 36B-3-116, that is, an action to enforce the statutory lien created by § 36B-3-116(a). Because the

---

[2] *See Sally-Mike Prop. v. Yokum*, 179 W. Va. 48, 50, 365 S.E.2d 246, 248 (1986).

[3] Section 36B-3-116, subsection (f) states: "A judgment or decree in any action brought under this section must include costs and reasonable attorney's fees for the prevailing party."

Association sued to recover the Conkeys' unpaid assessments, and not to enforce the lien upon their properties created by § 36B-3-116(a), they were not entitled to attorneys' fees under § 36B-3-116(f).

One reaches the same conclusion under the Amended Declaration, which states that "[a]ny assessment made pursuant to this paragraph [10D], including late fee of Five ($5.00) Dollars, interest at the rate of ten (10%) percent per annum from the date of delinquency, and reasonable attorney's fees incurred in the collection thereof, *shall constitute a lien on thie* [sic] *property . . . .*" This language empowers the Association to recover its reasonable attorneys' fees incurred in a collection action by enforcing a consensual, common lien.[4] It does not give the Association the contractual right to recover its fees in the course of the collection action, however.

For those reasons, I would affirm the circuit court's grant of reasonable attorneys' fees to the Association pursuant to West Virginia Code § 36B-4-117, rather than for the reasons set forth by the majority.

---

[4] *See Fleet v. Webber Springs Owners Ass'n, Inc.*, 235 W. Va. 184, 191, 772 S.E.2d 369, 376 (2015) (affirming circuit court's summary judgment finding that homeowners association had a valid common law lien against homeowners' respective properties for unpaid homeowners association assessments). Moreover, it is also an open question as to whether such a fee-shifting provision is permissible under the West Virginia Consumer Credit Protection Act (WVCCPA). *See id.* at 194, 772 S.E.2d at 379 (declining to decide whether WVCCPA barred collection of attorneys' fees by homeowners association incurred in action to enforce consensual, common law lien).