# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Mark B. Shaffer,**
**Respondent Below, Petitioner**

**vs)  No. 15-0860** (Jackson County 13-D-117)

**Deanna L. Shaffer,**
**Petitioner Below, Respondent**

**FILED**

**June 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mark B. Shaffer (hereinafter "the husband"), by counsel Lee F. Benford II, appeals the Circuit Court of Jackson County's July 28, 2015, order reversing the family court's order that denied an award of attorney's fees and costs. Respondent Deanna L. Shaffer (hereinafter "the wife"), by counsel Leah R. Chappell, filed a response in support of the circuit court's order. On appeal, the husband argues that the circuit court erred in reversing the family court's order denying the wife's motion for attorney's fees and costs.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties married in May of 1997. On February 14, 2013, the husband contacted police in response to the wife firing a gun near the marital home. Police arrived and arrested the wife. Thereafter, the parties separated. The husband remained in the martial home where he maintained possession of all of the couple's assets with the exception of the wife's vehicle, her clothing, and $4,000 in currency. The wife did not return to the marital home until after she filed for divorce in April of 2013.

---

[1]At the outset of his brief to this Court, the husband lists seven distinct grounds for relief including that the circuit court erred in: (1) reversing the family court's order; (2) ruling that the family court's findings of fact were clearly erroneous; (3) finding that the family court's order was an abuse of discretion; (4) awarding $29,379.32 in attorney's fees and costs for the underlying family court proceedings; (5) awarding $2,000 in attorney's fees and costs for the appeal to circuit court; (6) awarding $1,757.24 in prejudgment interest; and (7) awarding fees and costs that were excessive and unreasonable. While these grounds were listed as seven distinct assignments of error, the argument section of the brief discusses only five of those grounds (1, 2, 3, 4, and 7) and does so in one, undivided discussion. As such, we will address only those five related grounds properly presented to this Court, and we will address them as one assignment of error: Whether the circuit court erred in reversing the family court's order denying the wife's motion for attorney's fees and costs.

In May of 2013, by agreed temporary order, the family court ordered the husband to permit the wife to inspect certain contents of the marital home and to review and copy records of a family construction business. The husband was also ordered to provide monthly business statements to the wife listing financial details of the on-going family business. At or around this time, it was determined that the parties had approximately $162,000 in joint bank accounts and, therefore, the family court ordered the husband to provide the wife with $40,000 to satisfy her short-term financial needs.

In July of 2013, the wife filed a petition for contempt and enforcement of the May of 2013 temporary order. In that petition, she alleged that the husband concealed and/or destroyed assets in violation of the family court's order. The husband filed a verified response denying concealment and/or destruction of assets.

In July and August of 2013, the family court held two hearings on the contempt petition. At those hearings, the husband testified that he had used prescription medication and forgotten to have the tool trailer at the marital home for the court-ordered inspection; that the flat trailer and dump trailers were his "personal stuff" and were at his friend's residence; that there were seven or eight firearms in the home's safe at the time of the inspection, but he had bought and sold five or six guns since the parties' separation in February of 2013; that the parties purchased a truck in 2012 for approximately $41,000, but he sold the truck to his brother the day following the parties' separation for $4,000; that he had not completed a certain residential building project in 2012 but had only done "bits and pieces" for the home owners; that he would not state the amount he was paid for the "bits and pieces" and claimed to have no contract for that work; that he had no substantial amount of cash from that 2012 project; that he failed to provide certain tax returns during the court-ordered inspection because he left them in a storage unit but that the family business made no income to report, although he did some work personally; and that he disclaimed all knowledge of his mandate to provide monthly business statements to the wife.

The subsequent family court order found the husband's testimony "incredible" and found him in contempt for failure to comply with the May of 2013 agreed order. However, in place of sanctions against the husband, the family court directed the parties to engage in discovery to "reconstruct" the records the husband failed to produce. A second inspection of the marital home was also ordered. The wife later paid for a transcript of this proceeding to be placed in the family court's file.

In September of 2013, the family court held a hearing following further discovery. Testimony revealed that the husband was paid more than $50,000 in 2012 to build a residence. Receipts showed that the payments were made directly to the husband. Evidence further demonstrated that the husband performed other work following the parties' separation.

Later that month, the husband was deposed. During his testimony, he acknowledged that he was paid more than $50,000 for the 2012 residential project; that he removed marital money from bank accounts and "keep[s] it hid"; and that he might retain as much as $25,000 cash in marital money. Following this deposition, the wife moved the family court to order that any

outstanding cash sums of marital assets be placed in a bank account pending further proceedings. In response, the husband admitted that he held approximately $162,000 in a safe.

In December of 2013, the family court held a review hearing. The family court heard evidence and argument that it was revealed during the discovery process that the husband purchased a new gun safe sometime after the parties' separation. In light of this new safe, the family court ordered that the wife be permitted to inspect and inventory the contents of the new safe immediately following the hearing. The wife and her counsel inventoried dozens of firearms and approximately $122,000 in cash located in that safe.

In January of 2014, the family court entered an order directing the wife to receive more than $41,000 from the husband. That order further preserved the wife's ability to tender a claim for attorney's fees and costs for the August of 2013 hearing so as to submit a total claim at one time.

In March of 2014, the family court held a final hearing in this matter. At that time, the parties entered into a property settlement agreement. In addition to accepting the property settlement, the family court heard evidence that the husband had concealed a safe in the marital home during the first two court-ordered inspections. Although the husband claimed the safe was "present" during the first two inspections, it was reportedly hidden under a large box labeled "truck parts" in a garage area. Further, the wife presented evidence that she had accrued considerable attorney's fees and costs in this litigation. At the conclusion of the hearing, the family court ordered that the wife could access the marital home during a two-day period in April of 2014 to retrieve her belongings as awarded to her in the property settlement. The wife's claim for spousal support remained pending at that time.

In May of 2014, the wife filed a second petition for contempt and enforcement. In that petition, she alleged that the husband prevented her from retrieving all of her personal property during the two-day period in April of 2014, as ordered by the family court. The husband filed an answer and cross-petition for contempt alleging damage to the marital home.

In August of 2014, the family court held a hearing on the cross-petitions. At that hearing, the husband admitted that he was not in compliance with the family court's order arguing that he did not understand why he should have to re-arrange the marital home for the wife to access her items or why she could inspect items that were not awarded to her. By order entered in September of 2014, the family court again found the husband in contempt, but denied the cross-petition for contempt against the wife. In addition to that order, the family court also awarded the wife a lump-sum spousal support payment of $20,000.

In late September of 2014, the wife moved for attorney's fees and costs in the amount of $32,504.32 ($27,335 in attorney's fees and $5,169.32 in litigation costs). The family court ultimately denied the wife's motion for attorney's fees and costs. In a three-page order, the family court found that (1) each party could pay their own attorney's fees; (2) both attorneys obtained beneficial results for their clients; (3) the financial condition of the parties was equal because the wife had "limited financial needs" while the husband "could" potentially have high health care expenses; (4) requiring the husband to pay for the wife's attorney's fees and costs

3

would impact his standard of living more than hers because such a payment would come from his earned income, whereas she could pay out of her property settlement; (5) the husband committed intransigence but the wife was granted attorney's fees in previous orders, and the wife was arrested and pled no contest to domestic assault at the outset of this case; (6) both parties participated in hiding income, if any was hidden, by the filing of inaccurate tax returns and there was no significant dispute over the guns that the husband hid during these proceedings; (7) the wife's counsel submitted a reasonable per hour fee of $175 but many of the costs were for strategic decisions that should not be the basis of a costs award; and (8) the wife was not entitled to an award of attorney's fees and costs.[2] The wife appealed the family court's denial order to the circuit court.

In July of 2015, the circuit court held a hearing on the appeal. Following that hearing, the circuit court entered a final order granting the appeal and reversing the family court's denial of attorney's fees and costs to the wife. In that order, the circuit court found that the family court erred in making the eight findings detailed above. Moreover, the circuit court concluded, contrary to the family court's findings, that the husband committed ongoing misconduct and contemptuous behavior that directly inflated the time and effort expended by the wife's counsel in protecting her interests in this matter. Consequently, the circuit court found that the attorney's fees and costs requested herein were reasonable and appropriate. Therefore, the circuit court awarded the wife $31,379.32 in attorney's fees and costs ($29,379.32 for the underlying family court proceedings and $2,000 for the circuit court appeal). The circuit court also awarded the wife $1,757.24 in prejudgment interest. This appeal followed.

In reviewing the circuit court's order in this matter, this Court employs the following standard:

> "In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syllabus, *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

Syl. Pt. 1, *Ware v. Ware*, 224 W.Va. 599, 687 S.E.2d 382, 384 (2009). Further, this Court has previously held that

> [i]n divorce actions, an award of attorney's fees rests initially within the sound discretion of the family law master and should not be disturbed on appeal absent an abuse of discretion. In determining whether to award attorney's fees, the family law master should consider a wide array of factors including the party's ability to pay his or her own fee, the beneficial results obtained by the attorney,

---

[2]The family court also noted that the wife received a credit for her litigation costs in the final settlement of the parties, and, therefore, her costs should be reduced by $3,125. This aspect of the family court's order was not appealed to the circuit court and is not before this Court in the instant appeal.

4

the parties' respective financial conditions, the effect of the attorney's fees on each party's standard of living, the degree of fault of either party making the divorce action necessary, and the reasonableness of the attorney's fee request." Syl. Pt. 4, *Banker v. Banker*, 196 W.Va. 535, 474 S.E.2d 465 (1996).

Syl. Pt. 2, in part, *Paugh v. Linger*, 228 W.Va. 194, 718 S.E.2d 793 (2011).

On appeal, the husband argues that the circuit court erred in reversing the family court's order because the family court properly considered the *Banker* factors in denying the motion for attorney's fees and costs. He further asserts that the circuit court abused its discretion in reversing the family court's order on appeal because the family court acted within its discretion to grant or deny attorney's fees and costs based on the circumstances of the case. The wife, on the other hand, contends that the circuit court properly evaluated the evidence in this case in great detail and at great length in its final order, and correctly found that the family court was unwarranted in denying the award, given the continual unnecessary litigation created by the husband's behavior.

"As a general rule each litigant bears his or her own attorney's fees absent a contrary rule of court or express statutory or contractual authority for reimbursement except when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons." Syl. Pt. 9, *Helmick v. Potomac Edison Co.*, 185 W.Va. 269, 406 S.E.2d 700 (1991). West Virginia Code § 48-1-305(a), (b), and (c) provide as follows:

> (a) Costs may be awarded to either party as justice requires and in all cases the court, in its discretion, may require payment of costs at any time and may suspend or withhold any order until the costs are paid.

> (b) The court may compel either party to pay attorney's fees and court costs reasonably necessary to enable the other party to prosecute or defend the action. An order for temporary relief awarding attorney's fees and court costs may be modified at any time during the pendency of the action, as the exigencies of the case or equity and justice may require, including, but not limited to, a modification which would require full or partial repayment of fees and costs by a party to the action to whom or on whose behalf payment of such fees and costs was previously ordered. If an appeal is taken or an intention to appeal is stated, the court may further order either party to pay attorney's fees and costs on appeal.

> (c) When it appears to the court that a party has incurred attorney fees and costs unnecessarily because the opposing party has asserted unfounded claims or defenses for vexatious, wanton or oppressive purposes, thereby delaying or diverting attention from valid claims or defenses asserted in good faith, the court may order the offending party, or his or her attorney, or both, to pay reasonable attorney fees and costs to the other party.

*See also* Syl. pt. 3, *Sally-Mike Props. v. Yokum*, 179 W.Va. 48, 365 S.E.2d 246 (1986) (holding that "[t]here is authority in equity to award to the prevailing litigant his or her reasonable

attorney's fees as 'costs,' without express statutory authorization, when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons.").

In this case, it is clear that the family court abused its discretion in denying an award of reasonable attorney's fees and costs to the wife. The record on appeal is replete with instances of the husband's vexatious, wanton, and oppressive conduct that hindered and/or prolonged the legal efforts of the wife in the settlement of her claims. At various times in the underlying litigation, the husband refused to comply with court orders, which necessitated legal intervention by the wife; concealed assets during multiple court-ordered inspections of the marital home, which created the need for further inspections and litigation; provided false information during the proceedings on at least two occasions; and was held in contempt of court, which resulted in extended discovery. Further, while the family court briefly mentioned each of the *Banker* factors in its order denying the wife's motion for attorney's fees and costs, we find no error in the circuit court's conclusion that the family court, "in large part, ignored the *application* of the *Banker* factors." (Emphasis added.) The family court provided little application or analysis of the facts of this case to the *Banker* factors.

Following a thorough review of the parties' argument, the record on appeal, and all pertinent legal authority, we find no merit to the husband's assignment of error. The record is clear that the family court abused its discretion in failing to find that there was sufficient evidence that the husband's misconduct directly resulted in the wife's accumulation of attorney's fees and costs and, therefore, triggered the shift of attorney's fees and costs to him.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 6, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

6