# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Stiles Family Limited Partnership, III, LLP,**
**Plaintiff Below, Petitioner**

**vs) No. 16-0220** (Jefferson County CK-19-2014-C-389)

**Riggs and Stiles, Inc. and Christopher Stiles,**
**Defendants Below, Respondents**

**FILED**

**November 18, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Stiles Family Limited Partnership, III, LLP, by counsel F. Samuel Byrer and Peter A. Pentony, appeals the Circuit Court of Jefferson County's order granting summary judgment in favor of respondents, entered on January 28, 2016. Respondents Riggs and Stiles, Inc. and Christopher Stiles (collectively, "respondents"), by counsel Gregory A. Bailey and J. Daniel Kirkland, filed a summary response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Factual and Procedural Background

This case centers on whether respondents, tenants to a farm lease that limits the use of the subject property to agricultural purposes, breached the lease when they permitted a music concert promoter to apply to the Jefferson County Board of Zoning Appeals ("Zoning Board") for approval to host a music festival on the property, but where the application was subsequently withdrawn after petitioner (the landlord on the lease) objected, and the festival never took place. Stated another way, the issue is whether the filing of the application, which was later withdrawn, constituted a breach of the lease. We agree with the circuit court that it did not.

The parties in this case are wholly comprised of parents and siblings of the Stiles family. Respondent Christopher Stiles is the President of Respondent Riggs and Stiles, Inc. Christopher Stiles' father, Stanley Stiles, is the majority owner of Riggs and Stiles. Petitioner Stiles Family Limited Partnership, III, LLP owns a 169-acre parcel of land in Jefferson County, West Virginia. At some point in the past, Stanley Stiles gifted the property to his daughter, Joyce Rawn, petitioner's majority owner.

1

In October of 2006, the parties entered into a "Farm Lease" wherein respondents agreed to farm the subject property. Respondents have done so continuously since 2006. In 2013, with respondents' permission,[1] Walther Productions filed an application for a seasonal use permit with the Zoning Board to explore whether it was feasible under the Zoning Board's regulations to hold a five-day music festival on the farm property. In November of 2013, petitioner learned of the application and submitted a written objection to the Zoning Board. Shortly thereafter, petitioner attempted to terminate the Farm Lease, citing the following three provisions therein:

> 4. <u>Purpose and Quiet Enjoyment</u>: The Tenant shall be leasing the Premises for the purpose of planting, maintaining, and cultivating farm crops and/or other vegetation thereon, and the use of the Premises for any other purpose without Landlord's written approval shall be a breach by Tenant of the terms of this lease.

> 5(c). <u>Tenant's Covenants</u>: Tenant will not use or permit said Premises, or any part thereof, to be used for disorderly or unlawful purpose.

> 6. <u>Surrender of Premises and Prohibition on Assignment</u>: At the termination of the Term, the Tenant agrees to surrender the Premises in as good a condition at the time of occupancy by Tenant. No act or thing done by the Landlord, or any of its agents, during the Term shall be deemed an acceptance by the Landlord of surrender by the Tenant of the Premises, and no agreement to accept surrender shall be valid unless in writing, signed by the Landlord. The Tenant shall not assign or transfer either the benefits of or burdens under this Lease or encumber the same, nor sublet or permit the Premises or any part thereof to be used by others, without prior consent of the Landlord, which consent may be denied or withheld for any reason.

In December of 2013, the application before the Zoning Board was withdrawn. It is undisputed that the music festival never occurred.

In November of 2014, petitioner filed a complaint in circuit court alleging that respondents' unapproved permission for Walther Productions to apply to the Zoning Board for approval to hold a music festival on the property constituted a prohibited "use" of property under the terms of the lease. Petitioner sought a declaratory judgment that respondents breached the Farm Lease and that the lease was terminated by virtue of the above-cited lease provisions. Petitioner also sought for the court to enjoin respondents from trespassing on petitioner's property and to impose a constructive trust on the proceeds of the harvest of the crop planted after termination of the lease.

Respondents filed an answer and counterclaim in which they sought attorney's fees from petitioner. Following discovery, respondents filed a motion for summary judgment. Petitioners filed a cross-motion for partial summary judgment. The parties appeared before the circuit court on January 21, 2016, for a bench trial. The circuit court considered the pending summary

---

[1] Petitioner states that it was unaware that the application had been filed. Respondent Christopher Stiles signed the application as the "owner" of the property.

2

judgment motions. By order entered on January 28, 2016, the circuit court granted summary judgment in favor of respondents, concluding in relevant part as follows:

> The [c]ourt finds that under the plain language of the Farm Lease, it is clear that the "use" of the property for some act other than agricultural use is required to constitute a breach. That simply did not occur. An application for a variance is just that, an application. None of the conditions precedent for such an event, including a contract between [respondents] and the third party seeking to hold the event, ever came to fruition. As a result, the event never made it past the early stages of consideration. As these conditions did not occur, and the application was subsequently withdrawn, the terms of the Lease were not breached. *See* Syl. Pt. 3, *Kanawha Banking and Trust Co. v. Gilbert,* 131 W.Va. 88, 46 S.E.2d 225 (1947) ("When a written contract is clear and unambiguous its meaning and legal effect must be determined solely from its contents and it will be given full force and effect according to its plain terms and provisions. Extrinsic evidence of the parties to such contract, or of other persons, as to its meaning and effect will not be considered.").

The circuit court further concluded that "upon receiving notice of [petitioner's] objection and the attempted November 15, 2013, and November 18, 2013, termination of the Farm Lease, the application was withdrawn within a matter of weeks. Thus, the property was never used to [sic] for any other purpose other than agricultural use."

The circuit court granted respondents' motion for summary judgment and dismissed petitioner's complaint with prejudice. However, the circuit court stated in its order that "[t]he only remaining issue in this matter is [respondents'] counterclaim for attorneys' fees." Petitioner now appeals to this Court.

**Discussion**

"A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt.1, *Miller v. City Hosp., Inc.*, 197 W.Va. 403, 475 S.E.2d 495 (1996) (citations omitted). "Summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995). "A circuit court's entry of summary judgment is reviewed *de novo.*" Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

On appeal, petitioner raises three assignments of error. First, petitioner argues that the circuit court erred by granting summary judgment in favor of respondents on the question of whether respondents breached the Farm Lease because (1) the lease limits respondents' use of the property to "planting, maintaining, and cultivating farm crops" and prohibits any other use without petitioner's permission, and (2) respondents used petitioner's property to apply for and obtain zoning board variances for a 15,000-person commercial music festival without

3

petitioner's knowledge or consent. Petitioner contends that the circuit court erroneously focused on the fact that the music festival never occurred, and consequently it ignored the doctrine of "anticipatory breach." An "anticipatory breach" is defined as "one committed before the time has come when there is a present duty of performance and is the outcome of words or acts evincing an intention to refuse performance in the future." 17A Am. Jur. 2d Contracts, § 448. We have held that

> [t]he general rule in cases of anticipatory breach of contract is that where one party repudiates the contract and refuses longer to be bound by it, the injured party has an election to pursue any of three remedies: he may treat the contract as rescinded and recover on quantum meruit so far as he has performed; or he may keep the contract alive for the benefit of both parties, being at all times ready and able to perform, and at the end of the time specified in the contract for performance, sue and recover under the contract; or he may treat the repudiation as putting an end to the contract for all purposes of performance, and sue for the profits he would have realized, if he had not been prevented from performing.

Syl. Pt. 1, *Annon v. Lucas,* 155 W.Va. 368, 185 S.E.2d 343 (1971).

Petitioner argues that respondents repudiated the lease by knowingly allowing the concert promoter to apply for the approvals needed to hold the festival. Petitioner argues that, even though the festival did not occur, respondents' actions were so clear and unequivocal that they did not intend to abide by the lease restrictions on the use of the property that the circuit court should have ruled that respondents breached the lease, rather than force petitioner to wait until several thousand concert-goers show up on the property.

Upon our review of the applicable law and under the facts presented in this case, we do not find that there was a breach, anticipatory or otherwise, of the Farm Lease by respondents. This Court has held that "[a]nticipatory repudiation and breach of contract, sufficient to give a cause of action, or to use as a defense to suit by the repudiating party, must be *unequivocal, absolute and positive.*" Syl. Pt. 1, *Mollohan v. Black Rock Contracting, Inc.*, 160 W.Va. 446, 235 S.E.2d 813 (1977) (emphasis added). Moreover, in addition to being unequivocal, we have held that the repudiation of the contract in question must "deal with the entire performance to which the contract binds the party which it is claimed has renounced the same." *Id.*, 160 W.Va. at 451, 235 S.E.2d at 815-16 (citing *Fayette-Kanawha Coal Co. [v. Lake and Export Coal Corp.],* 91 W.Va. [132,] at 141-42, 112 S.E. [222,] at 226 [(1922)]).

In the present case, there are three undeniable facts that foreclose petitioner's anticipatory breach argument: (1) respondents continually farmed the property consistent with the lease since 2006; (2) respondents did not cease farming the property with the filing of the application to the Zoning Board; and (3) the application was ultimately withdrawn. As noted above, for respondents' conduct to constitute an anticipatory breach of the Farm Lease, they must have unequivocally, absolutely, and positively repudiated their entire performance required under the lease. Continuing to farm the property under the lease is entirely inconsistent with the type of conduct required to establish a breach of the lease; respondents continued to do the very thing that the lease required them to do. Therefore, there was no repudiation or compromise of the "entire performance" required under the Farm Lease. Second, and possibly more damaging to

4

petitioner's argument, is the fact that the application was withdrawn after petitioner and respondents could not reach a compromise regarding the music festival. Withdrawal of the application demonstrated precisely the type of equivocation that showed that respondents lacked an absolute and positive intent to breach the lease. Therefore, we reject petitioner's argument that respondents' conduct constituted an anticipatory breach of the Farm Lease.

Petitioner's second assignment of error is that the circuit court erred in granting summary judgment in favor of respondents based upon a finding that respondents did not "use" petitioner's property in a manner contrary to the lease. As support of its argument, petitioner argues that the property was "used" for a prohibited purpose under the lease because it was the basis for the Zoning Board application. As a consequence of this prohibited use, petitioner argues it should be permitted to terminate the lease.

Upon our review, we disagree with petitioner that the filing of the application, which was later withdrawn, constituted a prohibited use of the property under the lease. "Where the terms of a contract are clear and unambiguous, they must be applied and not construed." Syl. Pt. 2, *Bethlehem Mines Corp. v. Haden*, 153 W.Va. 721, 172 S.E.2d 126 (1969). We have also held that "[t]he mere fact that parties do not agree to the construction of a contract does not render it ambiguous. The question as to whether a contract is ambiguous is a question of law to be determined by the court." Syl. Pt. 1, *Berkeley Cty. Pub. Serv. Dist. v. Vitro Corp. of Am.*, 152 W.Va. 252, 162 S.E.2d 189 (1968). The lease in the present case states as follows:

> 4.     Purpose and Quiet Enjoyment: The Tenant shall be leasing the Premises for the purpose of planting, maintaining, and cultivating farm crops and/or other vegetation thereon, and the use of the Premises for any other purpose without Landlord's written approval shall be a breach by Tenant of the terms of this lease.

From our review of the clear and unambiguous lease terms, we cannot find that respondent failed to comply with the restrictions on the use of the property. It is undisputed that the property had been continually used for agricultural purposes since the lease's inception. We do not agree with petitioner's interpretation of the lease that the application, alone, equated to a prohibited use of the property. As we have already discussed, the application was withdrawn shortly after it was filed; the concert event never made it beyond the early stages of consideration. Accordingly, there was no prohibited use of the property within the lease's plain and unambiguous terms. Therefore, we reject petitioner's second assignment of error.

Petitioner's final assignment of error challenges the circuit court's reservation of respondents' claim for attorney's fees in its summary judgment order. We note that respondents included a claim for attorney's fees in their counterclaim, but neither party addressed the issue when the circuit court heard argument on the parties' respective summary judgment motions on January 21, 2016. We have held that "[a]s a general rule each litigant bears his or her own attorney's fees absent a contrary rule of court or express statutory or contractual authority for reimbursement." Syl. Pt. 2, *Sally-Mike Properties v. Yokum*, 179 W. Va. 48, 365 S.E.2d 246 (1986). From our review of the record on appeal, we observe nothing that would indicate that respondents are entitled to an award of attorney's fees in this case. However, the circuit court has

not yet ruled on respondents' attorney's fees claim; the matter is still pending before the circuit court. Therefore, we decline to address the issue herein.

For the foregoing reasons, we affirm the Circuit Court of Jefferson County's January 28, 2016, order granting respondents' motion for summary judgment.

Affirmed.

**ISSUED:** November 18, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II